UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

STEVEN GAMMONS,
A resident and citizen of Texas

      Plaintiff,

v .

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation, COX AND
COMPANY LIMITED, a St. Lucian Corporation,
 and SOUFRIERE HOTWIRE RIDES INC.,
a St. Lucian Corporation,

      Defendants.

_____/

## COMPLAINT

Plaintiff, STEVEN GAMMONS, a resident and citizen of Texas, sues Defendants ROYAL CARIBBEAN CRUISES LTD, a Liberian Corporation with its principal place of business in Florida, COX AND COMPANY LIMITED, a St. Lucian Corporation, and SOUFRIERE HOTWIRE RIDES INC., a St. Lucian Corporation and alleges:

### JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff, STEVEN GAMMONS is sui juris and is a resident and citizen of the State of Nevada.

3.     The Defendant ROYAL CARIBBEAN CRUISES LTD. (RCL) is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida.  RCL accordingly is a citizen both of Liberia and of Florida for jurisdictional purposes.

4.      Defendant, COX AND COMPANY LIMITED (hereinafter "COX"), upon information and belief, is an entity based in St. Lucia.

5.      Defendant, SOUFRIERE HOTWIRE RIDES INC. (hereinafter "HOTWIRE RIDES"), upon information and belief, is an entity based in St. Lucia.

6.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §1332, based on diversity of citizenship between the parties.  The Plaintiff is a citizen and resident of Texas, and Defendant RCL is a citizen of Liberia and Florida for jurisdictional purposes, while Defendants COX and HOTWIRE RIDES are citizens of St. Lucia for jurisdictional purposes.  The damages, including comminuted fractures of the Plaintiff's tibia and fibula support an award of damages in excess of $75,000.00.

7.      At all material times, Defendant RCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

8.      At all material times, Defendant RCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

9.      At all material times, Defendants COX AND COMPANY LIMITED and SOUFRIERE HOTWIRE RIDES INC. (collectively, the "Excursion Entities") have engaged in the business of operating shore excursions pursuant to contracts with cruise lines such as Defendant RCL which carry American passengers and sail from U.S. Ports to the Caribbean.

10.     At all times material hereto, the activities of the Excursion Entities in Florida satisfy the specific jurisdiction provision of Florida Statute § 48.193(1)(a), by acts that include, but are not limited to, (a) reaching out to Florida-based cruise lines, insurers, cruise industry associates, and/or premium financing companies for purposes of operating, conducting, engaging in, or carrying on a business or business venture in this state; and/or (b) contractually agreeing to indemnify Florida-based cruise lines (entities mostly located in Miami and Ft.

Lauderdale) for any harm resulting to cruise passengers, thereby insuring a "person, property, or risk located within this state."

11.     At all times material hereto, the Excursion Entities entered into a contract with RCL concerning the subject excursion, which (a) contains a choice-of-law clause designating Florida law as the governing law; (b) contains a provision whereby the Excursion Entities agree to submit to the exclusive jurisdiction of the courts of Florida; (c) involves consideration of not less than $250,000 or relate to an obligation arising out of a transaction involving in the aggregate not less than $250,000; (d) does not violate the U.S. Constitution; and (e) has at least one party of the contract that is a resident of Florida or incorporated under the laws of Florida. Therefore, the contract between RCL and the Excursion Entities meets all requirements to satisfy a finding of specific jurisdiction under Florida Statute § 48.193(1)(a)(9).

12.     At all times material hereto, the Excursion Entities have engaged in substantial and not isolated activity within this state, including, but not limited to: (a) reaching out to cruise lines in Florida and establishing long-term partnerships with them; (b) deriving a substantial portion of their revenues from their business with Florida-based cruise lines; (c) periodically traveling to Miami to meet with cruise line executives for purposes of maintaining the business relationships and/or obtaining new business; (d) procuring insurance through companies in Florida; (e) maintaining Florida entities as "Agents of Record" for insurance purposes; (f) agreeing to insure and indemnify entities in Florida; g) signing premium financing agreements with Florida entities in order to obtain a loan to pay for liability insurance premiums; (h) buying parts and/or supplies from Florida-based suppliers to operate their excursions; (i) signing powers of attorney and/or appointing attorneys-in-fact in Florida to carry out their Florida operations; (j) participating in cruise industry trade shows in Miami (e.g., Sea trade); and/or (k) maintaining active membership in Florida Caribbean Cruise Association, based in Florida.

13.     At all times material hereto, the Excursion Entities have been in the business of providing excursions to cruise line passengers in St. Lucia through Florida-based cruise lines, including Carnival, Royal Caribbean, Celebrity and/or NCL. In entering into contracts with these Florida-based cruise lines, the Excursion Entities agree to the exclusive jurisdiction of courts in Florida. Additionally, by being under contract with the Florida-based cruise lines, the Excursion Entities receive the benefit of the cruise lines' advertising and promotional efforts.

14.     At all times material hereto, the Excursion Entities' arrangement with the Florida-based cruise lines and the circumstances of this case are markedly different than those at issue in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Herein, unlike *Daimler*, the Plaintiff is suing a Florida-based cruise line (RCL) for injuries sustained while participating in an excursion operated by agents of the cruise line (the Excursion Entities) -- agents set up almost exclusively to do business with cruise lines (a majority of which are based in Florida). Further unlike *Daimler*, RCL is "at home" in this jurisdiction because RCL maintains its principal place of business in Florida. Thus, under *Daimler*, the Excursion Entities are also deemed "at home" in this jurisdiction by their direct and indirect contacts with Florida (through the Florida-based cruise lines).

15.     At all times material hereto, the Excursion Entities are also subject to jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) the instant maritime tort claims arise under federal law; (b) the Excursion Entities are not subject to jurisdiction in any state's courts of general jurisdiction; and (c) exercising jurisdiction over the Excursion Entities is consistent with the United States Constitution and laws based on the Excursion Entities' minimum contacts with the United States as a whole such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice. These minimum contacts are set forth in the above allegations, and include, but are not limited to, the Excursion Entities' location and operation in the United States, as well as marketing, promoting, and selling tickets for its excursions in the United States directly and/or through cruise lines as their agents located all over the United States.

16.     Venue is proper in this Court because Defendant RCL requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring during the cruise voyage, including but not limited to those occurring during shore excursions, in this federal judicial district.  Further, venue is also proper in this district because Defendant RCL's principal place of business is located in this district.

17.     Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff gave Defendant RCL timely written notice of the claim as required by the Plaintiff's ticket contract with RCL.

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

18.     At all material times, Defendant RCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the  "FREEDOM OF THE SEAS."

19.     At all material times, including the accident date of May 30, 2019, the Plaintiff was a fare paying passenger aboard the FREEDOM OF THE SEAS.

20.     At all times material hereto, the Excursion Entities owned and/or operated the subject excursion, which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCL.

21.     After booking the subject cruise, RCL sent Plaintiff promotional material, which provided information and descriptions of shore excursions, including the excursion entitled, "Hotwire Pitons Zipline by the Sea" (hereinafter "zipline excursion" or "subject excursion").

22.  RCL also had promotional materials at its shore excursion desk aboard the cruise ship and/or other areas of the ship with information and descriptions of shore excursions, including the

CASE NO.

subject excursion. Tickets for shore excursions, including the subject excursion, were also available for sale on Carnival's shore excursion desk aboard the cruise ship.

23.    The information and/or material RCL made available and/or distributed to the Plaintiff represented that the excursions, including the subject excursion, were operated and/or overseen by RCL and/or they were safe.

24.    The information and/or material RCL made available and/or distributed to passengers concerning shore excursions, including the Plaintiff concerning the subject excursion, was based on the description and/or information provided to RCL by the Excursion Entities and/or by Carnival's inspections and/or approval of the subject excursion and/or of the Excursion Entities. Accordingly, Defendants undertook a duty to accurately advise passengers, including the Plaintiff, concerning the subject excursion in order to obtain a profit for Defendants, and Defendants were required to execute that duty utilizing reasonable care under the circumstances.

25.    Relying on the safety and reputability of RCL as well as RCL's representations regarding its shore excursions, including the subject excursion, Plaintiff purchased tickets for the subject excursion directly from RCL. The Plaintiff obtained all of the information regarding the subject excursion from RCL and made all of the reservation arrangements for the subject excursion exclusively with RCL. In turn, RCL received a portion of Plaintiff's ticket price for the subject excursion.

26.    Notably, fifty six (56) other passengers from the FREEDOM OF THE SEAS all purchased and attended the same shore excursion at the same time as the Plaintiff, all of whom obtained the same or similar information as the Plaintiff beforehand and all of whom purchased their tickets directly from RCL.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

27. The Plaintiff reviewed RCL's information and/or material concerning the subject excursion and relied upon RCL's representations exclusively and to Plaintiff's detriment in deciding to purchase the subject excursion from RCL and to participate in same during Plaintiff's cruise aboard the FREEDOM OF THE SEAS.

28. Based upon RCL's information and/or material concerning the subject excursion, Plaintiff reasonably understood that RCL conducted regular inspections of the facilities, amenities, vessel(s), operations and operators of the subject excursion to ensure that they were reasonably safe, and Plaintiff relied upon such understanding to Plaintiff's detriment in deciding to purchase the subject excursion from Carnival and to participate in same during Plaintiff's cruise aboard the FREEDOM OF THE SEAS.

29. On or about May 30, 2019, as part of Plaintiff's cruise aboard the FREEDOM OF THE SEAS, Plaintiff participated in the zipline excursion in St. Lucia. This excursion was arranged for, sponsored, recommended, operated, marketed and/or sold by RCL as part of the cruise aboard the FREEDOM OF THE SEAS vessel. Unbeknownst to Plaintiff at the time, the excursion was operated by the Excursion Entities.

30. On or about May 30, 2019, during the zipline excursion, the Plaintiff was not provided with assistance by guides, or with a safety briefing as RCL represented would be provided to the Plaintiff.  While attempting to utilize the zipline, the Plaintiff's foot was caught on a portion of a platform below the platform from which the Plaintiff departed, causing him to sustain serious injuries.

31. The subject excursion was not competently operated by properly trained and/or supervised persons, and/or it was unreasonably hazardous for reasons that include, but are not

CASE NO.

limited to: (a) the unsafe distance between the platforms from which guests took off; (b) the unsafe manner in which the lines were secured which caused guests such as the Plaintiff to catch their foot on a different platform after departing on the zipline, (c) the unreasonably dangerous condition created by the failure to properly secure and/or harness passengers while operating the zipline, (d) the lack of an adequate equipment protecting the users, like Plaintiff, from the dangers posed by the platform below, (e) the failure to properly train passengers such as the Plaintiff to safely ride the zipline; and (d) the failure to warn passengers such as the Plaintiff of the danger posed by the platform below. The incompetence of the excursion operator and/or hazardous conditions of the subject excursion should have been discovered by RCL before the incident had RCL conducted an adequate inspection of the zipline facilities and the operators of the subject excursion to ensure it was reasonably safe before repeatedly recommending the excursion to its passengers, including Plaintiff, to the exclusion of other excursions not offered by RCL.

32.  Further, before Plaintiff's incident, Carnival was or should have been on notice that the excursion was not reasonably safe for passengers. This notice was or should have been acquired through Carnival's initial approval process and/or its yearly inspections of the subject excursion.

33. Specifically, before offering excursions to passengers, the excursions and/or the excursion operators are subject to RCL's approval pursuant to policies and procedures promulgated by RCL. This is a duty undertaken by RCL, in part, so that it may make the aforementioned representations concerning the subject excursion to its passengers in an effort to generate a profit for RCL. Accordingly, RCL is required to execute this duty with reasonable care under the circumstances. During the excursion approval process, RCL is supposed to verify whether the operator is qualified. The excursion operators also provide RCL details pertaining to

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

the excursion, including, but not limited to, the location, a description, restrictions, and/or participation levels for the excursion. Part of the approval process also entails RCL's representatives inspecting the excursion being proposed, including the activities offered and operations.

34.   Moreover, once an excursion is approved and accepted by RCL, RCL sends excursion operators standards, policies, and/or procedures that the operators must adhere to while RCL is offering their excursions to its passengers. Additionally, the excursion operators are subject to yearly inspections and/or approval by RCL, wherein RCL is supposed to conduct site inspections of the excursion as well as the vessel/island/facilities/amenities and/or operations of the excursion. The yearly inspections and/or approval process also requires excursion operators to submit yearly "bids" and/or reports to RCL, wherein the operators disclose the details of incidents that occurred during the excursion involving cruise line passengers (among other information). Thus, before Plaintiff's incident, RCL was or should have been on notice that cruise ship passengers were injured participating in these types of excursions.

35.   At all times material hereto, the Excursion Entities were the agents and/or apparent agents of RCL by virtue of the following, such that RCL is estopped from denying that the Excursion Entities were the agents and/or apparent agents of RCL:

     a.   RCL made all arrangements for the subject excursion without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

CASE NO.

    b.  RCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

    c.  RCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

    d.  RCL recommended its passengers to not engage in excursions, tours and/or activities that are not sold through RCL; and/or

    e.  Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contacts concerning the subject excursion was with RCL and/or RCL's onboard excursion desk; and/or

    f.  The fee for the subject excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCL; and/or

    g.  Plaintiff received the receipt for the purchase of the subject excursion exclusively from RCL.

36.    At all times material hereto, Plaintiff relied on the above, to Plaintiff's detriment, so as to believe that the Excursion Entities were the employee(s) and/or agent(s) of RCL, in choosing the subject excursion. At no time did RCL represent to Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the Excursion Entities were not agent(s) and/or employee(s) of RCL.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

37.    At all times material hereto, RCL was the owner or co-owner of the subject excursion. At all times material hereto, RCL was responsible for, and liable for, the actions of the Excursion Entities with respect to the subject excursion.

38.    In the alternative, at all times material hereto, a partnership and/or joint venture existed between the Excursion Entities by virtue of the following, whereby RCL and the Excursion Entities are jointly and severally responsible for the negligence of each other as partners of the partnership and/or joint venture:

    a.  RCL and the Excursion Entities entered into an agreement whereby: RCL made all arrangements for the Plaintiff, on behalf of the partnership with the Excursion Entities, for the subject excursion being run by the Excursion Entities; and/or

    b.  RCL marketed on RCL's website and/or in its brochures and/or on its ship, on behalf of the partnership with the Excursion Entities, the subject excursion being run by the Excursion Entities; and/or;

    c.  RCL maintained an excursion desk on its ship where it offered, sold, provided information to, and answered questions of passengers, on behalf of the partnership with the Excursion Entities, about the subject excursion being run by the Excursion Entities; and/or

    d.  The Excursion Entities provided the equipment to be used in the subject excursion; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

    e.  RCL determined the amount of money charged for the subject excursion being run by the Excursion Entities; and/or

    f.  RCL collected the amount of money charged for the subject excursion being run by the Excursion Entities; and/or

    g.  RCL shared profits with the Excursion Entities for the subject excursion by retaining a portion of the ticket sales for the subject excursion after the tickets were sold, and paying the Excursion Entities the remaining portion of the ticket sales for the subject excursion; and/or

    h.  RCL shared losses with the Excursion Entities for the subject excursion, including, for instance, when RCL issued a refund to passengers for the Excursion Entities' excursion(s), including, but not limited to, the subject excursion.

39.  At all times material hereto, Carnival was a partner in the subject excursion.

40.  At all times material hereto, the Excursion Entities owned and operated the subject excursion. The Excursion Entities were involved in providing the subject excursion to the Plaintiff. At all times material hereto, the Excursion Entities were the agent(s), apparent agent(s), joint venturer(s), servant(s), and/or employee(s) of Carnival and at all times acted within the course and scope of their agency, apparent agency, joint venture, service and/or employment.

CASE NO.

## COUNT I – MISLEADING ADVERTISING IN VIOLATION OF
## FLORIDA STATUTE § 817.41 AGAINST DEFENDANTS

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through forty (40) as though alleged originally herein.

41.     At all times material hereto, RCL's promotional material, brochures and/or website contained misrepresentations of material facts, including:

    a.   Misrepresenting the actual activity level and/or activities involved in the subject excursion; and/or

    b.   Mispresenting shore excursions, including the subject excursion, as being RCL's excursions and using RCL's guides through the use of proprietary language; and/or

    c.   Misrepresenting that RCL's excursions are "guided" when the tour guides or excursion staff do not actually provide sufficient supervision and/or assistance; and/or

    d.   Misrepresenting that the excursion providers are safe, reliable and/or reputable, when in actuality, passengers' comments, complaints or information concerning safety concerns and/or prior incidents are censored, altered and/or deleted on publicly available website(s) operated and/or controlled by RCL; and/or

    e.   Representing that shore excursion providers are insured, when such insurance may not cover claims outside of the providers' area of operation and/or may contain other limitations, such as the amount and types of claims covered; and/or

    f.   Representing and/or implying that excursion providers would be subject to personal

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

jurisdiction in the United States and/or subject to United States and/or Florida law by contractually requiring all RCL passengers (including the Plaintiff) to file suit in a specific jurisdiction in the United States for all claims arising from the subject cruise (including incidents that occur while participating in shore excursions) and/or advertising that its excursion providers are insured.

42.     Pursuant to Florida Statute § 817.41(4), RCL as well as the Excursion Entities are responsible for the foregoing false and/or misleading advertisements because Defendants were named in and/or obtained the benefits of the statements and/or advertisements.

43.     At all times material hereto, the foregoing statements RCL made and/or disseminated were known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be false and/or misleading. This knowledge was or should have been acquired through: (a) RCL's initial approval process of the Excursion Entities and/or the excursion, including, but not limited to, having RCL's representative(s) take the excursion; (b) RCL's yearly inspections of the Excursion Entities and/or the excursion, including, but not limited to, conducting site inspections; and/or (c) prior incidents involving RCL passengers injured on the Excursion Entities' excursions and/or ziplining excursions, and/or other incidents reported within the cruise industry involving the Excursion Entities' excursions and/or ziplining excursions.

44.     At all times material hereto, the statements were so made or disseminated with the intent or purpose, either directly or indirectly, of inducing passengers (including Plaintiff) to rely on the statements and act by purchasing tickets for shore excursions (including the subject excursion).

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

45.    At all times material hereto, the Plaintiff justifiably relied on the representations made by Carnival when Plaintiff purchased tickets for the subject excursion and participated in the subject excursion.

46.     As a result thereof, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law.

## COUNT II – NEGLIGENT MISREPRESENTATION AGAINST RCL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through forty (40) as though alleged originally herein.

46.    At all times material hereto, RCL's promotional material, brochures and/or website contained misrepresentations of material facts, including:

   a.  Misrepresenting the actual activity level and/or activities involved in the subject excursion; and/or

   b.  Mispresenting shore excursions, including the subject excursion, as being RCL's excursions through the use of proprietary language; and/or

CASE NO.

    c.  Misrepresenting the RCL's excursions are "guided" when the tour guides or excursion staff do not actually provide sufficient supervision and/or assistance; and/or

    d.  Misrepresenting that the excursion providers are safe, reliable and/or reputable, when in actuality, passengers' comments, complaints or information concerning safety concerns and/or prior incidents are censored, altered and/or deleted on publicly available website(s) operated and/or controlled by RCL; and/or

    e.  Representing that shore excursion providers are insured, when such insurance may not cover claims outside of the providers' area of operation and/or may contain other limitations, such as the amount and types of claims covered; and/or

    f.  Representing and/or implying that excursion providers would be subject to personal jurisdiction in the United States and/or subject to United States and/or Florida law by contractually requiring all RCL passengers (including the Plaintiff) to file suit in a specific jurisdiction in the United States for all claims arising from the subject cruise (including incidents that occur while participating in shore excursions) and/or advertising that its excursion providers are insured.

47.    At all times material hereto, the foregoing statements RCL made and/or disseminated were known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be false and/or misleading. This knowledge was or should have been acquired through: (a) RCL's initial approval process of the Excursion Entities and/or the

CASE NO.

excursion, including, but not limited to, having RCL's representative(s) take the excursion; (b) RCL's yearly inspections of the Excursion Entities and/or the excursion, including, but not limited to, conducting site inspections; and/or (c) prior incidents involving RCL passengers injured on the Excursion Entities' excursions and/or ziplining excursions, and/or other incidents reported within the cruise industry involving the Excursion Entities' excursions and/or ziplining excursions.

48.     At all times material hereto, the statements were so made or disseminated with the intent or purpose, either directly or indirectly, of inducing passengers (including Plaintiff) to rely on the statements and act by purchasing tickets for shore excursions (including the subject excursion).

49.     At all times material hereto, the Plaintiff justifiably relied on the representations made by Carnival when Plaintiff purchased tickets for the subject excursion and participated in the subject excursion.

50.     As a result thereof, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

## COUNT III – NEGLIGENCE AGAINST CARNIVAL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through forty (40) as though alleged originally herein.

51.    At all times material hereto, it was the duty of RCL to provide Plaintiff with reasonable or ordinary care under the circumstances.

52.    On or about May 30, 2019, RCL and/or its agents, servants, joint venturers and/or employees breached its duty to provide Plaintiff with reasonable or ordinary care under the circumstances.

53.    On or about May 30, 2019, Plaintiff was injured due to the fault and/or negligence of RCL and/or its agents, servants, joint venturers and/or employees as follows:

a.   Failure to provide a safe excursion; and/or

b.   Promoting the subject excursion as "hand selected" by RCL, thereby implying the excursion's facilities/amenities/destinations and/or operations were reasonably safe under the circumstances, when in fact they were not; and/or

c.   Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject excursion was reasonably safe for passengers; and/or

d.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, and equipment, including, but not limited to, the zipline, harnessing equipment, and platforms offered as part of the excursion was reasonably safe for passengers; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

e.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, equipment, including, but not limited to, the zipline platforms were placed in a reasonably safe place, so as to maintain a proper and safe distance between them so that riders departing from one would avoid the others; and/or

f.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that excursion participants were being adequately assisted/and or monitored by tour guides or excursion staff; and/or

g.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the excursion participants were being provided with adequate instructions by tour guides or excursion staff; and/or

h.   Failure to promulgate and enforce adequate policies and procedures prevent guests departing from the top platform to strike the platform below; and/or

i.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that tour guides or excursion staff were providing passengers with a reasonably safe area for taking off; and/or

j.   Failure to adequately inspect the zipline excursion before the subject excursion so as to identify its poor condition and falling hazards; and/or

k.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in

CASE NO.

the subject excursion are adequately assisted by tour guides or excursion staff; and/or

l.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are provided with adequate instructions by tour guides or excursion staff; and/or

m.  Failure to adequately warn passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion; and/or

n.   Failure to adequately warn passengers (including the Plaintiff) that the subject excursion would not include assistance or supervision from the tour guides or excursion staff; and/or

o.   Failure to adequately warn passengers (including the Plaintiff) of the dangers involved in taking off on the zipline excursion; and/or

p.   Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

q.    Having a shore excursion that was not competently operated.

54.    All or some of the above acts and/or omissions by RCL and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured while participating in the subject excursion.

55.    At all times material hereto, RCL knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

that RCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through: (a) RCL's initial approval process of the Excursion Entities and/or the excursion, including, but not limited to, having RCL's representative(s) take the excursion; (b) RCL's yearly inspections of the Excursion Entities and/or the excursion, including, but not limited to, conducting site inspections; and/or (c) prior incidents involving RCL passengers injured on the Excursion Entities' excursions and/or ziplining excursions, and/or other incidents reported within the cruise industry involving the Excursion Entities' excursions and/or ziplining excursions.

56.    As a result of the negligence of RCL, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law.

### COUNT IV - NEGLIGENCE AGAINST THE EXCURSION ENTITIES

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through forty (40) as though alleged originally herein.

57.    At all times material hereto, the Excursion Entities owned and/or operated the subject excursion.

CASE NO.

58.     At all times material hereto, it was the duty of the Excursion Entities to provide Plaintiff with reasonable care under the circumstances.

59.     On or about May 30, 2019, the Excursion Entities and/or their agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

60.     On or about May 30, 2019, Plaintiff was injured due to the fault and/or negligence of the Excursion Entities as follows:

   a.  Failure to provide a safe excursion; and/or

   b.  Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject excursion was reasonably safe for passengers; and/or

   c.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, and equipment, including, but not limited to, the zipline, harnessing equipment, and platforms were reasonably safe for passengers; and/or

   d.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, equipment, including, but not limited to, the zipline platforms were placed in a reasonably safe place, so as to maintain a proper and safe distance between them so that riders departing from one would avoid the others; and/or

   e.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that excursion participants were being adequately assisted/and or monitored by tour guides or excursion staff; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

    f.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the excursion participants were being provided with adequate instructions by tour guides or excursion staff; and/or

    g.  Failure to promulgate and enforce adequate policies and procedures prevent guests departing from the top platform to strike the platform below; and/or

    h.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that tour guides or excursion staff were providing passengers with a reasonably safe area for taking off; and/or

    i.  Failure to adequately inspect the zipline excursion before the subject excursion so as to identify its poor condition and falling hazards; and/or

    j.  Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are adequately assisted by tour guides or excursion staff; and/or

    k.  Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are provided with adequate instructions by tour guides or excursion staff; and/or

    l.  Failure to adequately warn passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

    m. Failure to adequately warn passengers (including the Plaintiff) that the subject excursion would not include assistance or supervision from the tour guides or excursion staff; and/or

    n. Failure to adequately warn passengers (including the Plaintiff) of the dangers involved in taking off on the zipline excursion; and/or

    o. Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

    p. Having a shore excursion that was not competently operated.

61.    All or some of the above acts and/or omissions by the Excursion Entities and/or their agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured while participating in the subject excursion.

62.    At all times material hereto, the Excursion Entities created and/or knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that the Excursion Entities, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through: (a) the Excursion Entities complete and thorough evaluation of the excursion; (b) the routine and regular inspections by the Excursion Entities of the excursion, the facilities, and the guides/excursion staff; and/or (c) from prior incidents involving passengers injured on the Excursion Entities' excursions that have occurred during cruises and/or that have been reported within the industry.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

63.     As a result of the negligence of the Excursion Entities, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law.

### COUNT V – NEGLIGENCE AGAINST DEFENDANTS BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPEL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through forty (40) as though alleged originally herein.

64.     At all times material hereto, the Excursion Entities were the apparent agent(s) of RCL.

65.     At all times material hereto, RCL is estopped to deny that the Excursion Entities were their agent(s) or employee(s).

66.     At all times material hereto, RCL and the Excursion Entities made manifestations which caused the Plaintiff to believe that the Excursion Entities had authority to act for the benefit of RCL. These manifestations included:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

    a.  RCL allowed its name to be utilized in connection with the advertising of the Excursion Entities; and/or

    b.  RCL made all arrangements for the subject excursion without effectively disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

    c.  RCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without effectively disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

    d.  RCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without effectively disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

    e.  Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contacts concerning the subject excursion was with RCL; and/or

    f.  RCL recommended to Plaintiff to not engage in excursions, tours or activities that are not sold through RCL as RCL has no familiarity with other tours or their operations; and/or

    g.  The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCL; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

h.  Plaintiff received the receipt for the purchase of the subject excursion exclusively from RCL.

i.  The Excursion Entities never represented that they were not an affiliate or agent of RCL.

67.    Plaintiff reasonably relied on the above, to his detriment, so as to believe that the Excursion Entities were the employee(s) and/or agent(s) of RCL in choosing the subject excursion.

68.    It was reasonable to believe that the Excursion Entities were RCL's employee(s) and/or agent(s) because the Plaintiff booked, paid for and made all necessary arrangements for the subject excursion with RCL. RCL's actions caused Plaintiff to believe that the Excursion Entities had authority to act on RCL's behalf. At no time did the Excursion Entities represent to the ship's passengers or the Plaintiff in particular in a meaningful way that the Excursion Entities were not agents or employees of RCL.

69.    Plaintiff's reasonable reliance was detrimental because Plaintiff would not have booked, paid for and/or participated in the subject excursion or incur any injuries had the Plaintiff known that the subject excursion was not operated by RCL.

70.    The foregoing acts of negligence of RCL and/or the Excursion Entities were a direct and proximate cause of the Plaintiff's injuries and damages.

71.    As a result of the negligence of the Defendants, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred

CASE NO.

medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost

earnings and lost earning capacity, both past and future. The injuries are permanent or continuing

in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff

lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under

the law.

**COUNT VI – NEGLIGENCE AGAINST DEFENDANTS BASED ON JOINT VENTURE BETWEEN CARNIVAL AND THE EXCURSION ENTITIES**

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in

paragraphs one (1) through forty (40) as though alleged originally herein.

72.     At all times material hereto, RCL and the Excursion Entities engaged in a joint

venture to provide excursions to passengers aboard RCL's ship(s).

73.     At all times material hereto, RCL and the Excursion Entities entered into an

agreement where RCL would sell the subject excursion to its passengers and the Excursion

Entities would operate the subject excursion.

74.     As its part of the joint venture, RCL arranged for, sponsored, recommended,

marketed, operated, marketed, sold and/or collected money for the subject excursion, and the

money was then shared between RCL and the Excursion Entities. As its part of the joint venture,

the Excursion Entities provided labor and/or operated the subject excursion.

75.     RCL, on behalf of the joint venture, charged a fee to passengers who utilized the

excursions. The fee paid by the passengers, including the Plaintiff, was split between RCL and

CASE NO.

the Excursion Entities, such that RCL and the Excursion Entities shared a profit of the money made from the shore excursion.

76.     At all times material hereto, RCL and the Excursion Entities had joint and/or shared control over aspects of the joint venture. The Excursion Entities had control over the day-to-day workings of the excursions. RCL also had control over the day-to-day workings of the excursions in that they required the Excursion Entities to exercise reasonable care in the operation of the subject excursion. RCL had control over the arrangements, marketing and sales of the excursion.

77.     At all times material hereto, RCL and the Excursion Entities shared a common purpose: to operate the subject excursion for a profit.

78.     At all times material hereto, RCL and the Excursion Entities had a joint proprietary and/or ownership interest in the subject excursion. RCL had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject excursion as well as collecting money for such excursion, and the Excursion Entities had a proprietary interest in the time and labor expended in operating the subject excursion.

79.     At all times material hereto, RCL and the Excursion Entities shared and/or had the right to share in the profits of the subject excursion, as RCL retained a portion of the ticket sales for the subject excursion after the tickets were sold, and RCL paid the Excursion Entities the remaining portion of the ticket sales for the subject excursion.

80.     At all times material hereto, RCL and the Excursion Entities shared and/or had a duty to share any losses that may have been sustained with the subject excursion, including, for

CASE NO.

instance, when RCL issued a refund to passengers for the Excursion Entities' excursion(s), including, but not limited to, the subject excursion.

81.     RCL and the Excursion Entities are jointly and severally responsible for each other's negligence as partners of the partnership and/or joint venture.

82.     At all times material hereto, RCL and the Excursion Entities therefore:

    a.   Had an intention to create a joint venture;

    b.   Had a joint proprietary interest in the subject matter of the venture;

    c.   Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

    d.   Had a right to share in the profits of the joint venture; and

    e.   Would share losses which may have been sustained.

83.     As joint venturers, RCL and the Excursion Entities are liable for each other's negligence. As a result, RCL is liable for the negligent conduct of the Excursion Entities.

As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

CASE NO.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury on all counts as allowed by law.

Executed, this 29th day of May, 2020.

Respectfully submitted,

By:     ***PHILIP M. GERSON***
        PHILIP M. GERSON
        Florida Bar No.
        pgerson@gslawusa.com
        NICHOLAS I. GERSON
        Florida Bar No.
        ngerson@gslawusa.com
        EDWARD S. SCHWARTZ
        Florida Bar No.
        escwartz@gslawusa.com
        DAVID L. MARKEL
        Florida Bar No.: 78306
        dmarkel@gslawusa.com
        GERSON & SCHWARTZ, P.A.
        Attorneys for Plaintiffs
        1980 Coral Way
        Miami, Florida 33145

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com