UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22240-FAM

STEVEN GAMMONS,
A resident and citizen of Texas,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation, COX AND
COMPANY LIMITED, a St. Lucian Corporation,
 and SOUFRIERE HOTWIRE RIDES INC.,
a St. Lucian Corporation,

      Defendants.

_____/

## AMENDED COMPLAINT

      Plaintiff, STEVEN GAMMONS, a resident and citizen of Texas, files this Amended Complaint against Defendants ROYAL CARIBBEAN CRUISES LTD, a Liberian Corporation with its principal place of business in Florida, COX AND COMPANY LIMITED, a St. Lucian Corporation, and SOUFRIERE HOTWIRE RIDES INC., a St. Lucian Corporation, amending the initial Complaint filed in this action on May 29, 2020, and alleges:

## JURISDICTION, VENUE AND PARTIES

      1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

CASE NO.  1:20-cv-22240-FAM

2.     Plaintiff, STEVEN GAMMONS is sui juris and is a resident and citizen of the State of Nevada.

3.     The Defendant ROYAL CARIBBEAN CRUISES LTD. (RCL) is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida.  RCL accordingly is a citizen both of Liberia and of Florida for jurisdictional purposes.

4.     Defendant, COX AND COMPANY LIMITED (hereinafter "COX"), upon information and belief, is a corporate entity based in St. Lucia.

5.     Defendant, SOUFRIERE HOTWIRE RIDES INC. (hereinafter "HOTWIRE RIDES"), upon information and belief, is a corporate entity based in St. Lucia.

6.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §1332, based on diversity of citizenship between the parties.  The Plaintiff is a citizen and resident of Texas, and Defendant RCL is a citizen of Liberia and Florida for jurisdictional purposes, while Defendants COX and HOTWIRE RIDES are citizens of St. Lucia for jurisdictional purposes.  Thus, the action as between the Plaintiff and RCL is an action between citizens of different states, while the action as between the Plaintiff and the other Defendants is an action between a citizen of a State, Texas, and citizens of a foreign country, St. Lucia, so that alienage jurisdiction applies.  The damages, including comminuted fractures of the Plaintiff's tibia and fibula, support an award of damages in excess of the jurisdictional minimum of $75,000.00.

7.     At all material times, Defendant RCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida,

2

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

8.     At all material times, Defendant RCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

9.     At all material times, Defendants COX AND COMPANY LIMITED and SOUFRIERE HOTWIRE RIDES INC. (collectively, the "Excursion Entities") have engaged in the business of operating shore excursions in St. Lucia pursuant to contracts with cruise lines, including as Defendant RCL, which carry American passengers and sail from United States ports to ports in the Caribbean such as St. Lucia.

10.     At all times material hereto, the activities of the Excursion Entities in Florida satisfy the requirements for specific in personam jurisdiction in Florida state and federal courts pursuant to Florida Statute § 48.193(1)(a), by acts that include, but are not limited to, (a) reaching out to Florida-based cruise lines, insurers, cruise industry associates, and/or premium financing companies for purposes of operating, conducting, engaging in, or carrying on a business or business venture in this state, specifically the promotion of shore excursions in St. Lucia operated by them as part of cruise voyages departing from and returning to Florida ports; and/or (b) contractually agreeing to indemnify Florida-based cruise lines such as RCL for any harm resulting to cruise passengers through their negligence, thereby insuring a "person, property, or risk located within this state."

CASE NO.  1:20-cv-22240-FAM

11.     At all times material hereto, the Excursion Entities entered into a contract with RCL concerning the subject excursion, which (a) contains a choice-of-law clause designating Florida law as the governing substantive law; (b) contains a provision whereby the Excursion Entities agree to submit to the exclusive jurisdiction of the courts of Florida, rather than the courts of St. Lucia; (c) involves consideration of not less than $250,000 or relate to an obligation arising out of a transaction involving in the aggregate not less than $250,000; (d) does not violate the U.S. Constitution; and (e) has at least one party of the contract that is a resident of Florida or incorporated under the laws of Florida, to-wit, RCL, which as noted above is a dual citizen of Liberia and Florida for federal jurisdictional purposes. Therefore, the contract between RCL and the Excursion Entities meets all requirements to satisfy a finding of specific jurisdiction under Florida Statute § 48.193(1)(a)(9).

12.     At all times material hereto, the Excursion Entities have engaged in substantial and not isolated activity within this state, including, but not limited to: (a) reaching out to cruise lines in Florida and establishing long-term partnerships with them for promotion to cruise passengers of shore excursion activities in St. Lucia ; (b) deriving a substantial portion of their revenues from their business with Florida-based cruise lines; (c) periodically traveling to Miami to meet with cruise line executives for purposes of maintaining the business relationships and/or obtaining new business; (d) procuring insurance through companies in Florida; (e) maintaining Florida entities as "Agents of Record" for insurance purposes; (f) agreeing to insure and indemnify entities in Florida; g) signing premium financing agreements with Florida entities

CASE NO.  1:20-cv-22240-FAM

in order to obtain a loan to pay for liability insurance premiums; (h) buying parts and/or supplies from Florida-based suppliers to operate their excursions; (i) signing powers of attorney and/or appointing attorneys-in-fact in Florida to carry out their Florida operations; (j) participating in cruise industry trade shows in Miami; and/or (k) maintaining active membership in Florida Caribbean Cruise Association, based in Florida.

13.     At all times material hereto, the Excursion Entities have been in the business of providing excursions in St. Lucia to passengers of Florida-based cruise lines, including RCL, with the excursions being promoted to the cruise line passengers through the Florida based cruise line contractees. In entering into contracts with these Florida-based cruise lines, the Excursion Entities agree to the exclusive jurisdiction of courts in Florida. Additionally, by being under contract with the Florida-based cruise lines, the Excursion Entities receive the benefit of the cruise lines' advertising and promotional efforts as if they were advertising and promotional efforts of the Excursion Entities themselves.

14.     At all times material hereto, the Excursion Entities' arrangement with the Florida-based cruise lines and the circumstances of this case are markedly different than those at issue in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Herein, unlike *Daimler*, the Plaintiff is suing a Florida-based cruise line (RCL) for injuries sustained while participating in an excursion operated by agents of the cruise line (the Excursion Entities) -- agents set up almost exclusively to do business with cruise lines (a majority of which are based in Florida). Further unlike *Daimler*, RCL is "at home" in this jurisdiction because RCL maintains its principal place of business in Florida.

CASE NO.  1:20-cv-22240-FAM

Thus, under *Daimler*, the Excursion Entities are also deemed "at home" in this jurisdiction by their direct and indirect contacts with Florida (through the Florida-based cruise lines).

15.     At all times material hereto, the Excursion Entities are also alternatively subject to jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) the instant maritime tort claims arise under federal law; (b) if the Excursion Entities are not subject to in personam jurisdiction in Florida, they are not subject to jurisdiction in any state's courts of general jurisdiction; and (c) exercising jurisdiction over the Excursion Entities is consistent with the United States Constitution and laws based on the Excursion Entities' minimum contacts with the United States as a whole such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice. These minimum contacts are set forth in the above allegations, and include, but are not limited to, the Excursion Entities' operations in the United States, as well as marketing, promoting, and selling tickets for its excursions in the United States directly and/or through cruise lines as their agents located in the United States.

16.     Venue is proper in this Court because Defendant RCL requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant RCL arising out of injuries or events occurring during the cruise voyage, including but not limited to those occurring during shore excursions, in this federal judicial district.  Further, venue is also proper in this district because Defendant RCL's principal place of business is located in this district.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

17.     Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff gave Defendant RCL a timely written notice of the claim as required by the Plaintiff's ticket contract with RCL, a copy of which is attached as Exhibit 1.

**LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

18.     At all material times, Defendant RCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "FREEDOM OF THE SEAS."

19.     At all material times, including the injury date of May 30, 2019, the Plaintiff was a fare paying passenger aboard the FREEDOM OF THE SEAS.

20.     At all times material hereto, the Excursion Entities owned and/or operated the subject excursion, which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCL.

21.     After booking the subject cruise, RCL sent Plaintiff promotional material, which provided information about and descriptions of shore excursions promoted by RCL.  These included an excursion in St. Lucia entitled, "Hotwire Pitons Zipline by the Sea" (hereinafter "St. Lucia zipline excursion").

22.  RCL also had promotional materials at its shore excursion desk aboard the cruise ship and/or other areas of the ship with information about and descriptions of shore excursions, including the St. Lucia zipline excursion. Tickets for shore excursions, including the St. Lucia zipline excursion, were also available for sale on Carnival's shore excursion desk aboard the cruise ship.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

23. The information and/or material RCL made available and/or distributed to passengers including the Plaintiff represented that the excursions RCL was promoting, including the St. Lucia zipline excursion, were operated or at least overseen by RCL and were accordingly safe and approved for RCL passengers.

24.     The information and/or material RCL made available and/or distributed to passengers concerning shore excursions, including material given the Plaintiff concerning the St. Lucia zipline excursion, was based on the description and/or information provided to RCL by the Excursion Entities and/or by Carnival's inspections and/or review of the subject excursion and/or of the Excursion Entities. Accordingly, Defendants undertook a duty to advise RCL passengers, including the Plaintiff, accurately concerning the subject excursion, and Defendants were required to execute that duty by utilizing reasonable care under the circumstances.

25.     Relying on the reputation of RCL as well as RCL's representations regarding its shore excursions, including the St. Lucia zipline, Plaintiff purchased tickets for that excursion directly from RCL. The Plaintiff obtained any information he had regarding the St. Lucia zipline excursion exclusively from or through RCL and made all of his reservations to participate in the excursion exclusively with RCL. In turn, RCL received as consideration for promoting the excursion a portion of Plaintiff's ticket price.

26. Notably, fifty six (56) other passengers from the FREEDOM OF THE SEAS purchased and attended the St. Lucia zipline excursion at the same time as the Plaintiff.  All 57

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

passengers obtained the same or similar information as the Plaintiff beforehand and all 57 purchased their excursion tickets directly from RCL.

27.  The Plaintiff reviewed the information and/or material concerning the St. Lucia zipline excursion provided by RCL, and had no other information or material concerning the excursion before buying tickets to participate in it.  Plaintiff relied exclusively upon RCL's representations regarding the St. Lucia zipline excursion and relied to his detriment on those representations in deciding to purchase excursion tickets from RCL and to participate in the excursion during his cruise aboard the FREEDOM OF THE SEAS.

28.  Based upon RCL's information and/or material concerning the St. Lucia zipline excursion, Plaintiff reasonably understood that RCL conducted regular inspections and review of the facilities, equipment, amenities, operations and operators of the excursion to ensure that it was reasonably safe for participating RCL passengers, and Plaintiff relied upon this understanding to his detriment when deciding to purchase tickets for the St. Lucia zipline excursion from RCL and to participate in the excursion during his cruise aboard RCL's vessel the FREEDOM OF THE SEAS.

29.  On or about May 30, 2019, as part of Plaintiff's cruise aboard the FREEDOM OF THE SEAS, Plaintiff participated in the zipline excursion in St. Lucia. This excursion was arranged for, sponsored, recommended, operated, marketed and/or sold by RCL as an integral part of the cruise aboard the FREEDOM OF THE SEAS vessel. Unbeknownst to Plaintiff at the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

time, the excursion was operated by the Excursion Entities, although RCL did not disclose to Plaintiff or its other passenger participants the role of the Excursion Entities.

30.  On or about May 30, 2019, during the St. Lucia zipline excursion, the Plaintiff was not provided with assistance by guides or with a safety briefing, contrary to RCL's representations when promoting the excursion that necessary safety instructions would be provided to the participants including the Plaintiff.  While the Plaintiff was attempting to initiate his zipline descent without proper or adequate instruction in launch or descent techniques, his foot was caught on a portion of a platform below the platform from which the Plaintiff departed, causing him to sustain serious injuries, including comminuted tibia and fibula fractures.

31.  The St. Lucia zipline excursion was not competently operated by properly trained and/or supervised persons, and/or it was unreasonably hazardous for reasons that include, but are not limited to: (a) the unsafe distance between the platforms from which guests initiated their descent; (b) the unsafe manner in which the lines were secured, causing participants such as the Plaintiff to catch their foot on a different platform after departing on the zipline, (c) the unreasonably dangerous condition created by the failure to properly secure and/or harness passengers while operating the zipline, (d) the lack of an adequate equipment protecting the users, like Plaintiff, from the dangers posed by the platform below, (e) the failure to properly train passengers such as the Plaintiff to ride the zipline safely, particularly in light of the presence of the platform below the main launch platform; and (d) the failure to warn passengers such as the Plaintiff of the danger posed by the platform below. The incompetence of the excursion operator and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

hazardous conditions of the subject excursion should and reasonably would have been discovered by RCL before the Plaintiff's injury had RCL conducted an adequate inspection of the zipline facilities and the operators of the St. Lucia zipline excursion to ensure that it was reasonably safe before repeatedly recommending the excursion to its passengers, including Plaintiff, to the exclusion of other excursions not offered by RCL.

32.  Further, before Plaintiff's injury, RCL was or should have been on notice that the St. Lucia zipline excursion was not reasonably safe for passengers. This notice was or should have been acquired through RCL's initial inspection and approval process and/or regular reinspection and review of the subject excursion.

33.  Specifically, before offering excursions to passengers, the excursions and/or the excursion operators are subject to RCL's approval pursuant to policies and procedures promulgated by RCL. This is a duty undertaken by RCL, in part, so that it may make the aforementioned representations concerning the subject excursion to its passengers in an effort to generate a profit for RCL. Accordingly, RCL is required to execute this duty with reasonable care under the circumstances. During the excursion approval process, RCL is supposed to verify whether the operator is qualified. The excursion operators are also required to provide RCL details pertaining to the excursion, including, but not limited to, the location, a description, restrictions, and/or participation, experience and skill levels for the excursion. Part of the approval process also entails RCL's representatives directly and physically inspecting the excursion being proposed, including the activities offered and operations.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

34.  Moreover, once an excursion is approved and accepted by RCL, RCL sends excursion operators standards, policies, and/or procedures that the operators must adhere to while RCL is offering their excursions to its passengers. Additionally, the excursion operators are subject to yearly inspections and/or approval by RCL, wherein RCL is supposed to conduct site inspections of the excursion as well as the vessel/island/facilities/amenities and/or operations of the excursion. The yearly inspections and/or approval process also requires excursion operators to submit yearly "bids" and/or reports to RCL, wherein the operators disclose the details of incidents that occurred during the excursion involving cruise line passengers (among other information). Thus, before Plaintiff's incident, RCL was or should have been on notice that cruise ship passengers were injured participating in these types of excursions.

35.  As a direct and proximate result of the events described in Paragraphs 30 and 31 above, the Plaintiff was injured about his body and extremities, including but not limited to sustaining comminuted tibial and fibula fractures, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation or activation of preexisting conditions, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, and lost earnings and lost earning capacity, both past and future. These injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

**COUNT I – MISLEADING ADVERTISING IN VIOLATION OF FLORIDA STATUTE § 817.41 AGAINST DEFENDANTS**

CASE NO.  1:20-cv-22240-FAM

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-five (35) as though alleged originally herein and further alleges the following matters:

36.     At all times material hereto, RCL's promotional material, brochures and/or website contained misrepresentations of material facts, including:

   a. Misrepresenting the actual activity level and/or activities involved in the St. Lucia zipline excursion; and/or

   b. Mispresenting shore excursions, including the St. Lucia zipline excursion, as being RCL's excursions and using RCL's guides through the use of proprietary language; and/or

   c. Misrepresenting that RCL's excursions, including the St. Lucia zipline excursion, are "guided" when the tour guides or excursion staff do not actually provide sufficient supervision and/or assistance; and/or

   d. Misrepresenting that the excursion providers are safe, reliable and/or reputable, when in actuality, passengers' comments, complaints or information concerning safety concerns and/or prior incidents are censored, altered and/or deleted on publicly available website(s) operated and/or controlled by RCL; and/or

CASE NO.  1:20-cv-22240-FAM

e.  Representing that shore excursion providers are insured, when such insurance may not cover claims outside of the providers' area of operation and/or may contain other limitations, such as the amount and types of claims covered; and/or

f.  Representing and/or implying that excursion providers would be subject to personal jurisdiction in the United States and/or subject to United States and/or Florida law by contractually requiring all RCL passengers (including the Plaintiff) to file suit in a specific jurisdiction in the United States for all claims arising from the subject cruise (including incidents that occur while participating in shore excursions) and/or advertising that its excursion providers are insured.

37.  Pursuant to Florida Statute § 817.41(4), RCL as well as the Excursion Entities are responsible for the foregoing false and/or misleading advertisements because Defendants were named in and/or obtained the benefits of the statements and/or advertisements.

38.  At all times material hereto, the foregoing statements RCL made and/or disseminated were known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be false and/or misleading. This knowledge was or should have been acquired through: (a) RCL's initial approval process of the Excursion Entities and/or the excursion, including, but not limited to, having RCL's representative(s) take the excursion; (b) RCL's yearly inspections of the Excursion Entities and/or the excursion, including, but not limited to, conducting site inspections;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

and/or (c) prior incidents involving RCL passengers injured on the Excursion Entities' excursions and/or ziplining excursions, and/or other incidents reported within the cruise industry involving the Excursion Entities' excursions and/or ziplining excursions.

39.   At all times material hereto, the statements were so made or disseminated with the intent or purpose, either directly or indirectly, of inducing passengers (including Plaintiff) to rely on the statements and act by purchasing tickets for shore excursions (including the St. Lucia zipline excursion).

40.   At all times material hereto, the Plaintiff justifiably relied on the representations made by RCL when Plaintiff purchased tickets for the St. Lucia zipline excursion and participated in that excursion.

41. As a direct and proximate result of his reliance on the representations by RCL as alleged above, the Plaintiff purchased from RCL tickets for the St. Lucia zipline excursion, participated in the excursion, was injured while participating in the excursion as alleged in Paragraph 30 above, and has sustained in the past and will sustain in the future the damages alleged in Paragraph 35 above.

**WHEREFORE**, the Plaintiff demands judgment against RCL for all damages recoverable under Florida Statute Section 817.41 and demands jury trial of all issues so triable as of right..

### COUNT II – NEGLIGENT MISREPRESENTATION AGAINST RCL

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-five (35) as though alleged originally herein and further alleges the following matters.

42. At all times material hereto, RCL's promotional material, brochures and/or website contained misrepresentations of material facts, including:

   a.  Misrepresenting the actual activity level and/or activities involved in the subject excursion; and/or

   b.  Mispresenting shore excursions, including the subject excursion, as being RCL's excursions through the use of proprietary language; and/or

   c.  Misrepresenting the RCL's excursions are "guided" when the tour guides or excursion staff do not actually provide sufficient supervision and/or assistance; and/or

   d.  Misrepresenting that the excursion providers are safe, reliable and/or reputable, when in actuality, passengers' comments, complaints or information concerning safety concerns and/or prior incidents are censored, altered and/or deleted on publicly available website(s) operated and/or controlled by RCL; and/or

   e.  Representing that shore excursion providers are insured, when such insurance may not cover claims outside of the providers' area of operation and/or may contain other limitations, such as the amount and types of claims covered; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

    f.  Representing and/or implying that excursion providers would be subject to personal jurisdiction in the United States and/or subject to United States and/or Florida law by contractually requiring all RCL passengers (including the Plaintiff) to file suit in a specific jurisdiction in the United States for all claims arising from the subject cruise (including incidents that occur while participating in shore excursions) and/or advertising that its excursion providers are insured.

43. At all times material hereto, the foregoing statements RCL made and/or disseminated were known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be false and/or misleading. This knowledge was or should have been acquired through: (a) RCL's initial approval process of the Excursion Entities and/or the excursion, including, but not limited to, having RCL's representative(s) take the excursion; (b) RCL's yearly inspections of the Excursion Entities and/or the excursion, including, but not limited to, conducting site inspections; and/or (c) prior incidents involving RCL passengers injured on the Excursion Entities' excursions and/or ziplining excursions, and/or other incidents reported within the cruise industry involving the Excursion Entities' excursions and/or ziplining excursions.

44. At all times material hereto, the statements were so made or disseminated with the intent or purpose, either directly or indirectly, of inducing passengers (including

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

Plaintiff) to rely on the statements and act by purchasing tickets for shore excursions (including the subject excursion).

45. At all times material hereto, the Plaintiff justifiably relied on the representations made by Carnival when Plaintiff purchased tickets for the subject excursion and participated in the subject excursion.

46. As a direct and proximate result of his reliance on the negligent misrepresentations by RCL as alleged above, the Plaintiff purchased from RCL tickets for the St. Lucia zipline excursion, participated in the excursion, was injured while participating in the excursion as alleged in Paragraph 30 above, and has sustained in the past and will sustain in the future the damages alleged in Paragraph 35 above.

WHEREFORE, the Plaintiff demands judgment against RCL for damages and the costs of this action and demands jury trial of all issues so triable as of right.

## COUNT III – NEGLIGENT SELECTION AND RETENTION OF EXCURSION CONTRACTOR BY RCL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-five (35) as though alleged originally herein and further alleges the following matters:

47. At all times material hereto, it was the duty of RCL to provide Plaintiff with reasonable or ordinary care under the circumstances.  This duty of reasonable care

CASE NO.  1:20-cv-22240-FAM

included the duty to exercise reasonable care in selecting and/or retaining contractors to provide the excursions it promoted to passengers, including the St. Lucia zipline excursion.

48.   At all material times, RCL knew or should have known that the operators of the St. Lucia zipline excursion were not operating the excursion safely due to the deficiencies in equipment, facilities and operation of the excursion noted in Paragraph 31 above.

49. At all times material hereto, RCL knew of the foregoing conditions and did not correct them, or the conditions existed for a sufficient length of time so that RCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through: (a) RCL's initial approval process of the Excursion Entities and/or the excursion, including, but not limited to, having RCL's representative(s) take the excursion; (b) RCL's yearly inspections of the Excursion Entities and/or the excursion, including, but not limited to, conducting site inspections; and/or (c) prior incidents involving RCL passengers injured on the Excursion Entities' excursions and/or ziplining excursions, and/or other incidents reported within the cruise industry involving the Excursion Entities' excursions and/or ziplining excursions.

50. Notwithstanding its actual or constructive knowledge of the unfitness of the operators of the St. Lucia zipline excursion as alleged above, RCL selected, contracted with,

CASE NO.  1:20-cv-22240-FAM

and retained the Excursion Entities to operate the St. Lucia zipline excursion and thereby failed to exercise reasonable care and was negligent.

51.    The specific failures of reasonable care resulting in injury to the Plaintiff included those alleged in Paragraphs 30 and 31 above as well as the following:

a.   Failure to provide a safe excursion; and/or

b.   Promoting the subject excursion as "hand selected" by RCL, thereby implying the excursion's facilities/amenities/destinations and/or operations were reasonably safe under the circumstances, when in fact they were not; and/or

c.   Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject excursion was reasonably safe for passengers; and/or

d.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, and equipment, including, but not limited to, the zipline, harnessing equipment, and platforms offered as part of the excursion was reasonably safe for passengers; and/or

e.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, equipment, including, but not limited to, the zipline platforms were placed in a reasonably safe place, so as to maintain a proper and safe distance between them so that riders departing from one would avoid the others; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

f.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that excursion participants were being adequately assisted/and or monitored by tour guides or excursion staff; and/or

g.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the excursion participants were being provided with adequate instructions by tour guides or excursion staff; and/or

h.   Failure to promulgate and enforce adequate policies and procedures prevent guests departing from the top platform to strike the platform below; and/or

i.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that tour guides or excursion staff were providing passengers with a reasonably safe area for taking off; and/or

j.   Failure to adequately inspect the zipline excursion before the subject excursion so as to identify its poor condition and falling hazards; and/or

k.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are adequately assisted by tour guides or excursion staff; and/or

l.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

      the subject excursion are provided with adequate instructions by tour guides or excursion staff; and/or

m. Failure to adequately warn passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion; and/or

n. Failure to adequately warn passengers (including the Plaintiff) that the subject excursion would not include assistance or supervision from the tour guides or excursion staff; and/or

o. Failure to adequately warn passengers (including the Plaintiff) of the dangers involved in taking off on the zipline excursion; and/or

p. Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

q.  Having a shore excursion that was not competently operated.

52. As a direct and proximate result of the negligence by RCL alleged above, the Plaintiff purchased from RCL tickets for the St. Lucia zipline excursion, participated in the excursion, was injured while participating in the excursion as alleged in Paragraph 30 above, and has sustained in the past and will sustain in the future the damages alleged in Paragraph 35 above.

WHEREFORE, the Plaintiff demands judgment against RCL for damages and the costs of this action and demands jury trial of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO. 1:20-cv-22240-FAM

## COUNT IV – NEGLIGENT FAILURE TO WARN BY RCL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-five (35) as though alleged originally herein and further alleges the following matters:

53. At all times material hereto, it was the duty of RCL to provide Plaintiff with reasonable or ordinary care under the circumstances. This duty of reasonable care included the duty to exercise reasonable care in warning passengers, including the Plaintiff, about actually or constructively known dangers in the shore excursions RCL marketed and promoted to its passengers, including the St. Lucia zipline excursion marketed and promoted to the Plaintiff.

54. At all material times, RCL knew or should have known that the operators of the St. Lucia zipline excursion were not operating the excursion safely due to the deficiencies in equipment, facilities and operation of the excursion noted in Paragraph 31 above.

55. At all times material hereto, RCL knew of the foregoing conditions and did not correct them, or the conditions existed for a sufficient length of time so that RCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through: (a) RCL's initial approval process of the Excursion Entities and/or the excursion, including, but not

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

limited to, having RCL's representative(s) take the excursion; (b) RCL's yearly inspections of the Excursion Entities and/or the excursion, including, but not limited to, conducting site inspections; and/or (c) prior incidents involving RCL passengers injured on the Excursion Entities' excursions and/or ziplining excursions, and/or other incidents reported within the cruise industry involving the Excursion Entities' excursions and/or ziplining excursions.

56. Notwithstanding its actual or constructive knowledge of the unfitness of the operators of the St. Lucia zipline excursion as alleged above, RCL failed to warn passengers to whom it promoted and marketed the excursion, including the Plaintiff, of the unfitness of the Excursion Entities to operate the St. Lucia zipline excursion and of the hazards in its operation, facilities and equipment as alleged in Paragraph 31 above and thereby failed to exercise reasonable care and was negligent.

57.   The specific failures of reasonable care resulting in injury to the Plaintiff included those alleged in Paragraphs 30 and 31 above as well as the following:

   r.   Failure to provide a safe excursion; and/or

   s.   Promoting the subject excursion as "hand selected" by RCL, thereby implying the excursion's facilities/amenities/destinations and/or operations were reasonably safe under the circumstances, when in fact they were not; and/or

   t.   Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject excursion was reasonably safe for passengers; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

u.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, and equipment, including, but not limited to, the zipline, harnessing equipment, and platforms offered as part of the excursion was reasonably safe for passengers; and/or

v.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, equipment, including, but not limited to, the zipline platforms were placed in a reasonably safe place, so as to maintain a proper and safe distance between them so that riders departing from one would avoid the others; and/or

w.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that excursion participants were being adequately assisted/and or monitored by tour guides or excursion staff; and/or

x.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the excursion participants were being provided with adequate instructions by tour guides or excursion staff; and/or

y.  Failure to promulgate and enforce adequate policies and procedures prevent guests departing from the top platform to strike the platform below; and/or

z.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that tour guides or excursion staff were providing passengers with a reasonably safe area for taking off; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

    aa. Failure to adequately inspect the zipline excursion before the subject excursion so as to identify its poor condition and falling hazards; and/or

    bb. Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are adequately assisted by tour guides or excursion staff; and/or

    cc. Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are provided with adequate instructions by tour guides or excursion staff; and/or

    dd. Failure to adequately warn passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion; and/or

    ee. Failure to adequately warn passengers (including the Plaintiff) that the subject excursion would not include assistance or supervision from the tour guides or excursion staff; and/or

    ff. Failure to adequately warn passengers (including the Plaintiff) of the dangers involved in taking off on the zipline excursion; and/or

    gg. Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

    hh.  Having a shore excursion that was not competently operated.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

58. As a direct and proximate result of the negligent failure to warn by RCL alleged above, the Plaintiff  purchased from RCL tickets for the St. Lucia zipline excursion, participated in the excursion, was injured while participating in the excursion as alleged in Paragraph 30 above, and has sustained in the past and will sustain in the future the damages alleged in Paragraph 35 above.

WHEREFORE, the Plaintiff demands judgment against RCL for damages and the costs of this action and demands jury trial of all issues so triable as of right.

## COUNT V - NEGLIGENCE AGAINST THE EXCURSION ENTITIES

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-five (35) as though alleged originally herein.

59.   At all times material hereto, the Excursion Entities owned and/or operated the St. Lucia zipline excursion.

60.   At all times material hereto, it was the duty of the Excursion Entities to provide Plaintiff with reasonable care under the circumstances in their maintenance and operation of the St. Lucia zipline excursion, including reasonable care in the maintenance of the excursion facility and equipment and the provision of adequate instruction to the participants.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

61.   On or about May 30, 2019, the Excursion Entities and/or their agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

62.   On or about May 30, 2019, Plaintiff was injured due to the fault and/or negligence of the Excursion Entities in the operation of the St. Lucia zipline excursion as follows:

   a.   Failure to provide a safe excursion; and/or

   b.   Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject excursion was reasonably safe for passengers; and/or

   c.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, and equipment, including, but not limited to, the zipline, harnessing equipment, and platforms were reasonably safe for passengers; and/or

   d.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, equipment, including, but not limited to, the zipline platforms were placed in a reasonably safe place, so as to maintain a proper and safe distance between them so that riders departing from one would avoid the others; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

    e.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that excursion participants were being adequately assisted/and or monitored by tour guides or excursion staff; and/or

    f.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the excursion participants were being provided with adequate instructions by tour guides or excursion staff; and/or

    g.   Failure to promulgate and enforce adequate policies and procedures prevent guests departing from the top platform to strike the platform below; and/or

    h.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that tour guides or excursion staff were providing passengers with a reasonably safe area for taking off; and/or

    i.   Failure to adequately inspect the zipline excursion before the subject excursion so as to identify its poor condition and falling hazards; and/or

    j.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are adequately assisted by tour guides or excursion staff; and/or

    k.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

the subject excursion are provided with adequate instructions by tour guides or excursion staff; and/or

l.  Failure to adequately warn passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion; and/or

m.  Failure to adequately warn passengers (including the Plaintiff) that the subject excursion would not include assistance or supervision from the tour guides or excursion staff; and/or

n.  Failure to adequately warn passengers (including the Plaintiff) of the dangers involved in taking off on the zipline excursion; and/or

o.  Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

p.   Having a shore excursion that was not competently operated.

63.    At all times material hereto, the Excursion Entities created and/or knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that the Excursion Entities, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through: (a) the Excursion Entities complete and thorough evaluation of the excursion; (b) the routine and regular inspections by the Excursion Entities of the excursion, the facilities, and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

the guides/excursion staff; and/or (c) from prior incidents involving passengers injured on the Excursion Entities' excursions that have occurred during cruises and/or that have been reported within the industry.

64. As a direct and proximate result of the negligence of the Excursion Entities as alleged above, the Plaintiff was injured as alleged in Paragraph 30 above and has sustained and will in the future sustain the damages alleged in Paragraph 35 above.

WHEREFORE, the Plaintiff demands judgment against the Excursion Entities for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT VI – NEGLIGENCE AGAINST RCL
### BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPEL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-five (35) as though alleged originally herein.

65.   At all times material hereto, the Excursion Entities were the apparent agents of RCL by virtue of the following transactions or events, such that RCL is estopped from denying that the Excursion Entities were the apparent agents of RCL:

CASE NO.  1:20-cv-22240-FAM

a.  RCL made all arrangements for the subject excursion without disclosing to Plaintiff in any manner before he purchased his ticket that the subject excursion was being run by another entity (and/or entities); and/or

b.  RCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

c.  RCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

d.  RCL recommended that its passengers not engage in excursions, tours and/or activities other than those sold through RCL; and/or

e.  Until the point that Plaintiff actually participated in the St. Lucia zipline excursion, the Plaintiff's exclusive contact concerning the excursion was with RCL and/or RCL's onboard excursion desk; and/or

f.  The fee for the St. Lucia zipline excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCL; and/or

g.  Plaintiff received the receipt for the purchase of the St. Lucia zipline excursion exclusively from RCL.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

66.     At all times material hereto, RCL and the Excursion Entities made manifestations which caused the Plaintiff to believe that the Excursion Entities had authority to act for the benefit of RCL. These manifestations included:

a.  RCL allowed its name to be utilized in connection with the advertising of the Excursion Entities; and/or

b.  RCL made all arrangements for the subject excursion without effectively disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

c.  RCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without effectively disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

d.  RCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without effectively disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

e.  Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contacts concerning the subject excursion was with RCL; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

     f.   RCL recommended to Plaintiff to not engage in excursions, tours or activities that are not sold through RCL as RCL has no familiarity with other tours or their operations; and/or

     g.   The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCL; and/or

     h.   Plaintiff received the receipt for the purchase of the subject excursion exclusively from RCL.

     i.   The Excursion Entities never represented that they were not an affiliate or agent of RCL.

67.   It was reasonable for Plaintiff to believe that the Excursion Entities were RCL's employees, servants or agents because the Plaintiff booked, paid for and made all necessary arrangements for the subject excursion with RCL. RCL's actions caused Plaintiff to believe that the Excursion Entities had authority to act on RCL's behalf. At no time did the Excursion Entities represent to the ship's passengers or to the Plaintiff in particular that the Excursion Entities were not agents, servants or employees of RCL.

68. At all times material hereto, Plaintiff relied on the matters above to his detriment and thereby reasonably believed the operators of the St. Lucia zipline excursion to be

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

employees, servants or agents of RCL and relied upon this reasonable belief in choosing the subject excursion.

69.     Plaintiff's reasonable reliance was detrimental because Plaintiff would not have booked, paid for and/or participated in the subject excursion or incur any injuries had the Plaintiff known that the subject excursion was not operated by RCL.

70. At all material times, the Excursion Entities failed to exercise reasonable care in the operation of the St. Lucia zipline excursion and were thereby negligent as alleged in Paragraphs 30 and 31 above and in the following respects:

q.  Failure to provide a safe excursion; and/or

r.  Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject excursion was reasonably safe for passengers; and/or

s.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, and equipment, including, but not limited to, the zipline, harnessing equipment, and platforms were reasonably safe for passengers; and/or

t.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, equipment, including, but not limited to, the zipline platforms were placed in a reasonably safe place, so as to maintain a

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

proper and safe distance between them so that riders departing from one would avoid the others; and/or

u. Failure to adequately inspect and/or monitor the subject excursion so as to ensure that excursion participants were being adequately assisted/and or monitored by tour guides or excursion staff; and/or

v. Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the excursion participants were being provided with adequate instructions by tour guides or excursion staff; and/or

w. Failure to promulgate and enforce adequate policies and procedures prevent guests departing from the top platform to strike the platform below; and/or

x. Failure to adequately inspect and/or monitor the subject excursion so as to ensure that tour guides or excursion staff were providing passengers with a reasonably safe area for taking off; and/or

y. Failure to adequately inspect the zipline excursion before the subject excursion so as to identify its poor condition and falling hazards; and/or

z. Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are adequately assisted by tour guides or excursion staff; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

aa. Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are provided with adequate instructions by tour guides or excursion staff; and/or

bb. Failure to adequately warn passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion; and/or

cc. Failure to adequately warn passengers (including the Plaintiff) that the subject excursion would not include assistance or supervision from the tour guides or excursion staff; and/or

dd. Failure to adequately warn passengers (including the Plaintiff) of the dangers involved in taking off on the zipline excursion; and/or

ee. Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

ff.   Having a shore excursion that was not competently operated.

71. At all material times RCL was vicariously liable for the negligence of the Excursion Entities in operating the St. Lucia zipline excursion, since the Excursion Entities were at all material times the apparent agents, employees or servants of RCL as alleged above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

72. As a direct and proximate result of his reasonable reliance on the reasonable belief that the operators of the St. Lucia zipline excursion were the agents, servants or employees of RCL, the Plaintiff purchased from RCL tickets for the St. Lucia zipline excursion, participated in the excursion, was injured while participating in the excursion as alleged in Paragraph 30 above due to the negligence of the Excursion Entities as alleged above, for which RCL is vicariously liable as alleged above, and has accordingly sustained in the past and will sustain in the future the damages alleged in Paragraph 35 above.

WHEREFORE, the Plaintiff demands judgment against RCL for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT VII – NEGLIGENCE AGAINST RCL
## BASED ON ACTUAL AGENCY

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-five (35) as though alleged originally herein.

73. At all times material hereto, the Excursion Entities were the actual agents of RCL by virtue of the following transactions or events:

h. RCL made all arrangements for the subject excursion without disclosing to Plaintiff in any manner before he purchased his ticket that the subject excursion was being run by another entity (and/or entities); and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

    i.   RCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

    j.   RCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

    k.   RCL recommended that its passengers not engage in excursions, tours and/or activities other than those sold through RCL; and/or

    l.   Until the point that Plaintiff actually participated in the St. Lucia zipline excursion, the Plaintiff's exclusive contact concerning the excursion was with RCL and/or RCL's onboard excursion desk; and/or

    m.  The fee for the St. Lucia zipline excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCL; and/or

    n.   Plaintiff received the receipt for the purchase of the St. Lucia zipline excursion exclusively from RCL.

74. At all material times, the Excursion Entities failed to exercise reasonable care in the operation of the St. Lucia zipline excursion and were thereby negligent as alleged in Paragraphs 30 and 31 above and in the following respects:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

gg. Failure to provide a safe excursion; and/or

hh. Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject excursion was reasonably safe for passengers; and/or

ii.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, and equipment, including, but not limited to, the zipline, harnessing equipment, and platforms were reasonably safe for passengers; and/or

jj.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, equipment, including, but not limited to, the zipline platforms were placed in a reasonably safe place, so as to maintain a proper and safe distance between them so that riders departing from one would avoid the others; and/or

kk. Failure to adequately inspect and/or monitor the subject excursion so as to ensure that excursion participants were being adequately assisted/and or monitored by tour guides or excursion staff; and/or

ll.  Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the excursion participants were being provided with adequate instructions by tour guides or excursion staff; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

mm.    Failure to promulgate and enforce adequate policies and procedures prevent guests departing from the top platform to strike the platform below; and/or

nn. Failure to adequately inspect and/or monitor the subject excursion so as to ensure that tour guides or excursion staff were providing passengers with a reasonably safe area for taking off; and/or

oo. Failure to adequately inspect the zipline excursion before the subject excursion so as to identify its poor condition and falling hazards; and/or

pp. Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are adequately assisted by tour guides or excursion staff; and/or

qq. Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are provided with adequate instructions by tour guides or excursion staff; and/or

rr. Failure to adequately warn passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

ss. Failure to adequately warn passengers (including the Plaintiff) that the subject excursion would not include assistance or supervision from the tour guides or excursion staff; and/or

tt. Failure to adequately warn passengers (including the Plaintiff) of the dangers involved in taking off on the zipline excursion; and/or

uu. Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

vv. Having a shore excursion that was not competently operated.

75. At all material times RCL was vicariously liable for the negligence of the Excursion Entities in operating the St. Lucia zipline excursion, since the Excursion Entities were at all material times the actual agents, employees or servants of RCL as alleged above.

76. On or about May 31, 2019, the Plaintiff purchased from RCL tickets for the St. Lucia zipline excursion, participated in the excursion, was injured while participating in the excursion as alleged in Paragraph 30 above due to the negligence of the Excursion Entities as alleged above, for which RCL is vicariously liable as alleged above, and has accordingly sustained in the past and will sustain in the future the damages alleged in Paragraph 35 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

WHEREFORE, the Plaintiff demands judgment against RCL for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT VIII – NEGLIGENCE AGAINST DEFENDANTS BASED ON JOINT VENTURE BETWEEN RCL AND THE EXCURSION ENTITIES

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-five (35) as though alleged originally herein.

77.     At all times material hereto, RCL and the Excursion Entities engaged in a joint venture to provide excursions to passengers aboard RCL's ship(s).

78. In the alternative, at all times material hereto, a partnership and/or joint venture existed between the Excursion Entities by virtue of the following, whereby RCL and the Excursion Entities are jointly and severally responsible for the negligence of each other as partners of the partnership and/or joint venture:

a.  RCL and the Excursion Entities entered into an agreement whereby: RCL made all arrangements for the Plaintiff, on behalf of the partnership with the Excursion Entities, to participate in the St. Lucia zipline excursion.

b.  RCL marketed on RCL's website and/or in its brochures and/or on its ship, on behalf of the partnership with the Excursion Entities, the St. Lucia zipline excursion being run by the Excursion Entities; and/or;

c.  RCL maintained an excursion desk on its ship where it offered, sold, provided information to, and answered questions of passengers, on behalf of the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

partnership with the Excursion Entities, about the St. Lucia zipline excursion being run by the Excursion Entities; and/or

d. The Excursion Entities provided the equipment to be used in the St. Lucia zipline excursion; and/or

e. RCL determined the amount of money charged for the St. Lucia zipline excursion being run by the Excursion Entities; and/or

f. RCL collected the amount of money charged for the St. Lucia zipline excursion being run by the Excursion Entities; and/or

g. RCL shared profits with the Excursion Entities for the St. Lucia zipline excursion by retaining a portion of the ticket sales for the excursion after the tickets were sold, and paying the Excursion Entities the remaining portion of the ticket sales for the excursion; and/or

h. RCL shared any losses with the Excursion Entities for the St. Lucia zipline excursion, including, for instance, when RCL issued a refund to passengers for the Excursion Entities' excursion(s), including, but not limited to, the St. Lucia zipline excursion.

79.    At all times material hereto, RCL and the Excursion Entities entered into an agreement where RCL would sell the subject excursion to its passengers and the Excursion Entities would operate the subject excursion.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

80.     As its part of the joint venture, RCL arranged for, sponsored, recommended, marketed, operated, marketed, sold and/or collected money for the subject excursion, and the money was then shared between RCL and the Excursion Entities. As its part of the joint venture, the Excursion Entities provided labor and/or operated the subject excursion.

81.     RCL, on behalf of the joint venture, charged a fee to passengers who utilized the excursions. The fee paid by the passengers, including the Plaintiff, was split between RCL and the Excursion Entities, such that RCL and the Excursion Entities shared a profit of the money made from the shore excursion.

82.     At all times material hereto, RCL and the Excursion Entities had joint and/or shared control over aspects of the joint venture. The Excursion Entities had control over the day-to-day workings of the excursions. RCL also had control over the day-to-day workings of the excursions in that they required the Excursion Entities to exercise reasonable care in the operation of the subject excursion. RCL had control over the arrangements, marketing and sales of the excursion.

83.     At all times material hereto, RCL and the Excursion Entities shared a common purpose: to operate the subject excursion for a profit.

84.     At all times material hereto, RCL and the Excursion Entities had a joint proprietary and/or ownership interest in the subject excursion. RCL had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

excursion as well as collecting money for such excursion, and the Excursion Entities had a proprietary interest in the time and labor expended in operating the subject excursion.

85.     At all times material hereto, RCL and the Excursion Entities shared and/or had the right to share in the profits of the subject excursion, as RCL retained a portion of the ticket sales for the subject excursion after the tickets were sold, and RCL paid the Excursion Entities the remaining portion of the ticket sales for the subject excursion.

86.     At all times material hereto, RCL and the Excursion Entities shared and/or had a duty to share any losses that may have been sustained with the subject excursion, including, for instance, when RCL issued a refund to passengers for the Excursion Entities' excursion(s), including, but not limited to, the subject excursion.

87.     RCL and the Excursion Entities are jointly and severally responsible for each other's negligence as partners of the partnership and/or joint venture.

88.     At all times material hereto, RCL and the Excursion Entities therefore:

a.  Had an intention to create a joint venture;

b.  Had a joint proprietary interest in the subject matter of the venture;

c.  Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

d.  Had a right to share in the profits of the joint venture; and

e.  Would share losses which may have been sustained.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

89. As joint venturers, RCL and the Excursion Entities are liable for each other's negligence. As a result, RCL is liable for the negligent conduct of the Excursion Entities.

90. At all material times while operating the St. Lucia zipline excursion, the Excursion Entities were acting as members of the joint venture with RCL alleged above.

91. At all material times, the Excursion Entities failed to exercise reasonable care in the operation of the St. Lucia zipline excursion and were thereby negligent as alleged in Paragraphs 30 and 31 above and in the following respects:

 ww.　　Failure to provide a safe excursion; and/or

 xx. Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject excursion was reasonably safe for passengers; and/or

 yy. Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, and equipment, including, but not limited to, the zipline, harnessing equipment, and platforms were reasonably safe for passengers; and/or

 zz. Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, equipment, including, but not limited to, the zipline platforms were placed in a reasonably safe place, so as to maintain a proper and safe distance between them so that riders departing from one would avoid the others; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

aaa.    Failure to adequately inspect and/or monitor the subject excursion so as to ensure that excursion participants were being adequately assisted/and or monitored by tour guides or excursion staff; and/or

bbb.    Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the excursion participants were being provided with adequate instructions by tour guides or excursion staff; and/or

ccc.    Failure to promulgate and enforce adequate policies and procedures prevent guests departing from the top platform to strike the platform below; and/or

ddd.    Failure to adequately inspect and/or monitor the subject excursion so as to ensure that tour guides or excursion staff were providing passengers with a reasonably safe area for taking off; and/or

eee.    Failure to adequately inspect the zipline excursion before the subject excursion so as to identify its poor condition and falling hazards; and/or

fff. Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are adequately assisted by tour guides or excursion staff; and/or

ggg.    Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

the subject excursion are provided with adequate instructions by tour guides or

excursion staff; and/or

hhh.     Failure to adequately warn passengers (including the Plaintiff) of the

dangers associated with participating in the subject excursion; and/or

iii. Failure to adequately warn passengers (including the Plaintiff) that the subject

excursion would not include assistance or supervision from the tour guides or

excursion staff; and/or

jjj. Failure to adequately warn passengers (including the Plaintiff) of the dangers

involved in taking off on the zipline excursion; and/or

kkk.     Failure to ensure that properly trained and supervised persons operated

the subject excursion; and/or

lll.  Having a shore excursion that was not competently operated.

92. At all material times RCL was vicariously liable for the negligence of the Excursion

Entities in operating the St. Lucia zipline excursion as a member of the joint venture

alleged above.

**93.** As a direct and proximate result of the negligence of the Excursion

Entities in operating the St. Lucia zipline excursion as alleged above, for which RCL

and the Excursion Entities as members of a joint venture are all jointly and severally

liable, the Plaintiff purchased from RCL tickets for the St. Lucia zipline excursion,

CASE NO.  1:20-cv-22240-FAM

participated in the excursion, was injured while participating in the excursion as alleged in Paragraph 30 above due to the negligence of the Excursion Entities as alleged above, for which RCL and the Excursion Entities are jointly and severally liable as  alleged above, and has accordingly sustained in the past and will sustain in the future the damages alleged in Paragraph 35 above.

WHEREFORE, the Plaintiff demands judgment jointly and severally against all Defendants for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.  1:20-cv-22240-FAM

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury on all counts as allowed by law.

Executed, this 27th  day of July, 2020.

Respectfully submitted,

By:     ***PHILIP M. GERSON***
PHILIP M. GERSON
Florida Bar No.
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No.
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No.
escwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No.: 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiffs
1980 Coral Way
Miami, Florida 33145

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com