UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-22240-FAM

STEVEN GAMMONS,
A resident and citizen of Texas,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation, COX AND
COMPANY LIMITED, a St. Lucian Corporation,
 and SOUFRIERE HOTWIRE RIDES INC.,
a St. Lucian Corporation,

      Defendants.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, STEVEN GAMMONS, a resident and citizen of Texas, sues Defendants ROYAL

CARIBBEAN CRUISES LTD, a Liberian Corporation with its principal place of business in

Florida, COX AND COMPANY LIMITED, a St. Lucian Corporation, and SOUFRIERE

HOTWIRE RIDES INC., a St. Lucian Corporation and alleges:

## JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00)

dollars, exclusive of interest and costs.

2.     Plaintiff, STEVEN GAMMONS is sui juris and is a resident and citizen of the State

of Nevada.

3.     The Defendant ROYAL CARIBBEAN CRUISES LTD. (RCL) is a Liberian

corporation with its principal place of business in Miami, Miami-Dade County, Florida.  RCL

accordingly is a citizen both of Liberia and of Florida for jurisdictional purposes.

4.      Defendant, COX AND COMPANY LIMITED (hereinafter "COX"), upon information and belief, is an entity based in St. Lucia.

5.      Defendant, SOUFRIERE HOTWIRE RIDES INC. (hereinafter "HOTWIRE RIDES"), upon information and belief, is an entity based in St. Lucia.

6.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §1332, based on diversity of citizenship between the parties.  The Plaintiff is a citizen and resident of Texas, and Defendant RCL is a citizen of Liberia and Florida for jurisdictional purposes, while Defendants COX and HOTWIRE RIDES are citizens of St. Lucia for jurisdictional purposes.  The damages, including comminuted fractures of the Plaintiff's tibia and fibula support an award of damages in excess of $75,000.00.

7.      At all material times, Defendant RCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

8.      At all material times, Defendant RCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

9.      At all material times, Defendants COX AND COMPANY LIMITED and SOUFRIERE HOTWIRE RIDES INC. (collectively, the "Excursion Entities") have engaged in the business of operating shore excursions pursuant to contracts with cruise lines such as Defendant RCL which carry American passengers and sail from U.S. Ports to the Caribbean.

10.     At all times material hereto, the activities of the Excursion Entities in Florida satisfy the specific jurisdiction provision of Florida Statute § 48.193(1)(a), by acts that include, but are not limited to, (a) reaching out to Florida-based cruise lines, insurers, cruise industry associates, and/or premium financing companies for purposes of operating, conducting, engaging in, or carrying on a business or business venture in this state; and/or (b) contractually agreeing to indemnify Florida-

based cruise lines (entities mostly located in Miami and Ft. Lauderdale) for any harm resulting to cruise passengers, thereby insuring a "person, property, or risk located within this state."

11.     At all times material hereto, the Excursion Entities entered into a contract with RCL concerning the subject excursion, which (a) contains a choice-of-law clause designating Florida law as the governing law; (b) contains a provision whereby the Excursion Entities agree to submit to the exclusive jurisdiction of the courts of Florida; (c) involves consideration of not less than $250,000 or relate to an obligation arising out of a transaction involving in the aggregate not less than $250,000; (d) does not violate the U.S. Constitution; and (e) has at least one party of the contract that is a resident of Florida or incorporated under the laws of Florida. Therefore, the contract between RCL and the Excursion Entities meets all requirements to satisfy a finding of specific jurisdiction under Florida Statute § 48.193(1)(a)(9).

12.     At all times material hereto, the Excursion Entities have engaged in substantial and not isolated activity within this state, including, but not limited to: (a) reaching out to cruise lines in Florida and establishing long-term partnerships with them; (b) deriving a substantial portion of their revenues from their business with Florida-based cruise lines; (c) periodically traveling to Miami to meet with cruise line executives for purposes of maintaining the business relationships and/or obtaining new business; (d) procuring insurance through companies in Florida; (e) maintaining Florida entities as "Agents of Record" for insurance purposes; (f) agreeing to insure and indemnify entities in Florida; g) signing premium financing agreements with Florida entities in order to obtain a loan to pay for liability insurance premiums; (h) buying parts and/or supplies from Florida-based suppliers to operate their excursions; (i) signing powers of attorney and/or appointing attorneys-in-fact in Florida to carry out their Florida operations; (j) participating in cruise industry trade shows in Miami (e.g., Sea trade); and/or (k) maintaining active membership in Florida Caribbean Cruise Association, based in Florida.

13.     At all times material hereto, the Excursion Entities have been in the business of providing excursions to cruise line passengers in St. Lucia through Florida-based cruise lines, including Carnival, Royal Caribbean, Celebrity and/or NCL. In entering into contracts with these Florida-based cruise lines, the Excursion Entities agree to the exclusive jurisdiction of courts in Florida. Additionally, by being under contract with the Florida-based cruise lines, the Excursion Entities receive the benefit of the cruise lines' advertising and promotional efforts.

14.     At all times material hereto, the Excursion Entities' arrangement with the Florida-based cruise lines and the circumstances of this case are markedly different than those at issue in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Herein, unlike *Daimler*, the Plaintiff is suing a Florida-based cruise line (RCL) for injuries sustained while participating in an excursion operated by agents of the cruise line (the Excursion Entities) -- agents set up almost exclusively to do business with cruise lines (a majority of which are based in Florida). Further unlike *Daimler*, RCL is "at home" in this jurisdiction because RCL maintains its principal place of business in Florida. Thus, under *Daimler*, the Excursion Entities are also deemed "at home" in this jurisdiction by their direct and indirect contacts with Florida (through the Florida-based cruise lines).

15.     At all times material hereto, the Excursion Entities are also subject to jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) the instant maritime tort claims arise under federal law; (b) the Excursion Entities are not subject to jurisdiction in any state's courts of general jurisdiction; and (c) exercising jurisdiction over the Excursion Entities is consistent with the United States Constitution and laws based on the Excursion Entities' minimum contacts with the United States as a whole such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice. These minimum contacts are set forth in the above allegations, and include, but are not limited to, the Excursion Entities' location and operation in the United States, as well as marketing, promoting, and selling tickets for its excursions in the United States directly and/or through cruise lines as their agents located all over the United States.

16.     Venue is proper in this Court because Defendant RCL requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring during the cruise voyage, including but not limited to those occurring during shore excursions, in this federal judicial district.  Further, venue is also proper in this district because Defendant RCL's principal place of business is located in this district.

17.     Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff gave Defendant RCL timely written notice of the claim as required by the Plaintiff's ticket contract with RCL.

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

18.     At all material times, Defendant RCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "FREEDOM OF THE SEAS."

19.     At all material times, including the accident date of May 30, 2019, the Plaintiff was a fare paying passenger aboard the FREEDOM OF THE SEAS.

20.     At all times material hereto, the Excursion Entities owned and/or operated the subject excursion, which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCL.

21.     After booking the subject cruise, RCL sent Plaintiff promotional material, which provided information and descriptions of shore excursions, including the excursion entitled, "Hotwire Pitons Zipline by the Sea" (hereinafter "zipline excursion" or "subject excursion").

22.     RCL also had promotional materials at its shore excursion desk aboard the cruise ship and/or other areas of the ship with information and descriptions of shore excursions, including the

*Gammons v. Royal Caribbean Cruises, Ltd.*
CASE NO. 20-cv-22240-FAM

subject excursion. Tickets for shore excursions, including the subject excursion, were also available for sale on Carnival's shore excursion desk aboard the cruise ship. Therefore, at all material times RCL reasonably anticipated and reasonably foresaw that passengers on the cruises during which it was offering the shore excursions operated by the Excursion Entities, including the Plaintiff, would be participating in the shore excursions operated by the Excursion Entities and during those shore excursions would be in premises and areas controlled and operated by the Excursion Entities.

23. The information and/or material RCL made available and/or distributed to the Plaintiff by RCL represented that the excursions, including the subject excursion, were operated and/or overseen by RCL and/or they were safe.

24. The information and/or material RCL made available and/or distributed to passengers concerning shore excursions, including the Plaintiff concerning the subject excursion, was based on the description and/or information provided to RCL by the Excursion Entities and/or by Carnival's inspections and/or approval of the subject excursion and/or of the Excursion Entities as operators of the excursions. Accordingly, RCL had a duty accurately to advise passengers, including the Plaintiff, concerning the risks of the subject excursion which were or should have been known to RCL through its inspection and approval process and through the information the Excursion Entities provided to RCL.

25. Relying on the safety and reputability of RCL as well as on RCL's representations regarding the shore excursions it marketed and promoted, including the subject excursion operated by the Excursion Entities, Plaintiff purchased tickets for the subject excursion directly from RCL.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
CASE NO. 20-cv-22240-FAM

The Plaintiff obtained all of the information regarding the subject excursion from RCL and made all of the reservation arrangements for the subject excursion exclusively with RCL. In turn, RCL received a portion of Plaintiff's ticket price for the subject excursion.

26. Notably, fifty six (56) other passengers from the FREEDOM OF THE SEAS all purchased and attended the same shore excursion at the same time as the Plaintiff, all of whom obtained the same or similar information from RCL as the Plaintiff and all of whom, like the Plaintiff, purchased their tickets directly from RCL.

27. The Plaintiff reviewed RCL's information and/or material concerning the subject excursion and relied upon RCL's representations exclusively and to Plaintiff's detriment in deciding to purchase the subject excursion from RCL and to participate in same during Plaintiff's cruise aboard the FREEDOM OF THE SEAS.

28. Based upon RCL's information and/or material concerning the subject excursion, Plaintiff reasonably understood that RCL conducted regular inspections of the facilities, amenities, vessel(s), operations and operators of the subject excursion to ensure that they were reasonably safe, and Plaintiff relied upon such understanding to Plaintiff's detriment in deciding to purchase the subject excursion from Carnival and to participate in same during Plaintiff's cruise aboard the FREEDOM OF THE SEAS.

29. On or about May 30, 2019, as part of Plaintiff's cruise aboard the FREEDOM OF THE SEAS, Plaintiff participated in the zipline excursion in St. Lucia. This excursion was arranged for, sponsored, recommended, operated, marketed, promoted and/or sold by RCL as part of the cruise

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

aboard the FREEDOM OF THE SEAS vessel. Unbeknownst to Plaintiff at the time, the excursion

was operated by the Excursion Entities.

30.   On or about May 30, 2019, during the zipline excursion, the Plaintiff was not provided

with assistance by guides, or with a safety briefing as RCL represented would be provided to the

Plaintiff.  While attempting to utilize the zipline, the Plaintiff's foot was caught on a portion of a

platform below the platform from which the Plaintiff departed, causing him to sustain serious

injuries.

31. The subject excursion was not competently operated by properly trained and/or

supervised persons, and/or it was unreasonably hazardous for reasons that include, but are not limited

to: (a) the unsafe distance between the platforms from which guests took off; (b) the unsafe manner

in which the lines were secured which caused guests such as the Plaintiff to catch their foot on a

different platform after departing on the zipline, (c) the unreasonably dangerous condition created by

the failure to properly secure and/or harness passengers while operating the zipline, (d) the lack of an

adequate equipment protecting the users, like Plaintiff, from the dangers posed by the platform below,

(e) the failure to properly train passengers such as the Plaintiff to safely ride the zipline; and (d) the

failure to warn passengers such as the Plaintiff of the danger posed by the platform below. The

incompetence of the excursion operator and/or hazardous conditions of the subject excursion should

have been discovered by RCL before the incident had RCL conducted an adequate inspection of the

zipline facilities and the operators of the subject excursion to ensure it was reasonably safe before

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
CASE NO. 20-cv-22240-FAM

repeatedly recommending the excursion to its passengers, including Plaintiff, to the exclusion of other excursions not offered by RCL.

32.   Further, before Plaintiff's incident, Carnival was or should have been on notice that the excursion was not reasonably safe for passengers for the reasons set forth in the preceding paragraph, through information provided by the Excursion Entities, RCL's initial approval process, and RCL's yearly inspections of the subject excursion.

33.   Specifically, before offering excursions to passengers, the excursions and/or the excursion operators are subject to RCL's approval pursuant to policies and procedures promulgated by RCL. This is a duty undertaken by RCL, in part, so that it may make the aforementioned representations concerning the subject excursion to its passengers in an effort to generate a profit for RCL. Accordingly, RCL is required to execute this duty with reasonable care under the circumstances. During the excursion approval process, RCL is supposed to verify whether the operator is qualified. The excursion operators also provide RCL details pertaining to the excursion, including, but not limited to, the location, a description, restrictions, and/or participation levels for the excursion. Part of the approval process also entails RCL's representatives inspecting the excursion being proposed, including the activities offered and operations.

34.   Moreover, once an excursion is approved and accepted by RCL, RCL sends excursion operators standards, policies, and/or procedures that the operators must adhere to while RCL is offering their excursions to its passengers. Additionally, the excursion operators are subject to yearly inspections and/or approval by RCL, wherein RCL is supposed to conduct site inspections of the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

excursion as well as the vessel/island/facilities/amenities and/or operations of the excursion. The yearly inspections and/or approval process also requires excursion operators to submit yearly "bids" and/or reports to RCL, wherein the operators disclose the details of incidents that occurred during the excursion involving cruise line passengers (among other information). Thus, before Plaintiff's incident, RCL was or should have been on notice that cruise ship passengers were injured participating in these types of excursions.

35.  At all times material hereto:

a.  RCL made all arrangements for the subject excursion without disclosing to Plaintiff that the subject excursion was being operated by another entity (and/or entities); and/or

b.  RCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

c.  RCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

d.  RCL recommended its passengers to not engage in excursions, tours and/or activities that are not sold through RCL; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

    e.    Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contacts concerning the subject excursion was with RCL and/or RCL's onboard excursion desk; and/or

    f.    The fee for the subject excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCL; and/or

    g.    Plaintiff received the receipt for the purchase of the subject excursion exclusively from RCL.

36.    At all times material hereto, Plaintiff relied on the above, to Plaintiff's detriment, so as to believe that the Excursion Entities were the employee(s) and/or agent(s) of RCL or approved by RCL, in choosing the subject excursion. At no time did RCL represent to Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the Excursion Entities were not agent(s) and/or employee(s) of RCL.

37.    At all times material hereto:

    a.    RCL and the Excursion Entities entered into an agreement whereby: RCL made all arrangements for the Plaintiff, on behalf of the partnership with the Excursion Entities, for the subject excursion being run by the Excursion Entities; and/or

    b.    RCL marketed on RCL's website and/or in its brochures and/or on its ship, on behalf of the partnership with the Excursion Entities, the subject excursion being run by the Excursion Entities; and/or;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

   c.  RCL maintained an excursion desk on its ship where it offered, sold, provided information to, and answered questions of passengers, on behalf of the partnership with the Excursion Entities, about the subject excursion being run by the Excursion Entities; and/or

   d.  The Excursion Entities provided the equipment to be used in the subject excursion; and/or

   e.  RCL determined the amount of money charged for the subject excursion being run by the Excursion Entities; and/or

   f.  RCL collected the amount of money charged for the subject excursion being run by the Excursion Entities; and/or

   g.  RCL shared profits with the Excursion Entities for the subject excursion by retaining a portion of the ticket sales for the subject excursion after the tickets were sold, and paying the Excursion Entities the remaining portion of the ticket sales for the subject excursion; and/or

   h.  RCL shared losses with the Excursion Entities for the subject excursion, including, for instance, when RCL issued a refund to passengers for the Excursion Entities' excursion(s), including, but not limited to, the subject excursion.

38.  At all times material hereto, the Excursion Entities owned and operated the subject excursion. The Excursion Entities were involved in providing the subject excursion to the Plaintiff.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

At all times material hereto, the Excursion Entities were the agent(s), apparent agent(s), joint venturer(s), servant(s), and/or employee(s) of Carnival and at all times acted within the course and scope of their agency, apparent agency, joint venture, service and/or employment.

### COUNT I- NEGLIGENT FAILURE TO WARN

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-eight (38) as though alleged originally herein.

39.     At all times material hereto, it was the duty of RCL, as operator of a cruise line to provide Plaintiff, as its passenger, with reasonable care under the circumstances.  This duty included a duty of reasonable care in warning or advising passengers, including the Plaintiff, of actually or constructively known dangerous conditions in places RCL reasonably anticipated or foresaw its passengers would be.

40.   At all material times RCL reasonably anticipated and foresaw, for the reasons set forth in Paragraphs 21 through 28 above, that the passengers to whom it marketed and promoted the excursions operated by the Excursion Entities would participate in those excursions and hence would be in premises or areas controlled by the Excursion Entities as the excursion operators.

41.     Notwithstanding its duty to warn passengers including the Plaintiff as described above, RCL at all material times failed to warn the Plaintiff of the dangerous conditions relating

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

to the operation of the excursion, as set forth in Paragraph 31 above. RCL accordingly breached its duty of reasonable care to the Plaintiff and was negligent.

42. As a direct and proximate result of RCL's negligent failure to warn, the Plaintiff participated in the zipline excursion in St. Lucia described in Paragraphs 29 through 31 above and was injured as described in Paragraph 30 above. The Plaintiff was injured about his body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment against RCL for all damages recoverable under the law.

## COUNT II - NEGLIGENCE AGAINST THE EXCURSION ENTITIES

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-eight (38) as though alleged originally herein.

43. At all times material hereto, the Excursion Entities owned and/or operated the subject excursion.

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

44.     At all times material hereto, it was the duty of the Excursion Entities to provide Plaintiff with reasonable care under the circumstances.

45.     On or about May 30, 2019, the Excursion Entities and/or their agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

46.     On or about May 30, 2019, Plaintiff was injured due to the fault and/or negligence of the Excursion Entities as follows:

   a.   Failure to provide a safe excursion; and/or

   b.   Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject excursion was reasonably safe for passengers; and/or

   c.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, and equipment, including, but not limited to, the zipline, harnessing equipment, and platforms were reasonably safe for passengers; and/or

   d.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the facilities, structures, equipment, including, but not limited to, the zipline platforms were placed in a reasonably safe place, so as to maintain a proper and safe distance between them so that riders departing from one would avoid the others; and/or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
CASE NO. 20-cv-22240-FAM

e.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that excursion participants were being adequately assisted/and or monitored by tour guides or excursion staff; and/or

f.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that the excursion participants were being provided with adequate instructions by tour guides or excursion staff; and/or

g.   Failure to promulgate and enforce adequate policies and procedures prevent guests departing from the top platform to strike the platform below; and/or

h.   Failure to adequately inspect and/or monitor the subject excursion so as to ensure that tour guides or excursion staff were providing passengers with a reasonably safe area for taking off; and/or

i.   Failure to adequately inspect the zipline excursion before the subject excursion so as to identify its poor condition and falling hazards; and/or

j.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in the subject excursion are adequately assisted by tour guides or excursion staff; and/or

k.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to require that passengers participating in

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
CASE NO. 20-cv-22240-FAM

the subject excursion are provided with adequate instructions by tour guides or excursion staff; and/or

l.   Failure to adequately warn passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion; and/or

m.   Failure to adequately warn passengers (including the Plaintiff) that the subject excursion would not include assistance or supervision from the tour guides or excursion staff; and/or

n.   Failure to adequately warn passengers (including the Plaintiff) of the dangers involved in taking off on the zipline excursion; and/or

o.   Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

p.   Having a shore excursion that was not competently operated.

47.   All or some of the above acts and/or omissions by the Excursion Entities and/or their agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured while participating in the subject excursion.

48.   At all times material hereto, the Excursion Entities created and/or knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that the Excursion Entities, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

was or should have been acquired through: (a) the Excursion Entities complete and thorough evaluation of the excursion; (b) the routine and regular inspections by the Excursion Entities of the excursion, the facilities, and the guides/excursion staff; and/or (c) from prior incidents involving passengers injured on the Excursion Entities' excursions that have occurred during cruises and/or that have been reported within the industry.

49.     As a result of the negligence of the Excursion Entities, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment against the Excursion Entities for all damages recoverable under the law.

## COUNT III – NEGLIGENCE AGAINST DEFENDANTS BASED ON JOINT VENTURE BETWEEN RCL AND THE EXCURSION ENTITIES

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-eight (38) as though alleged originally herein.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
CASE NO. 20-cv-22240-FAM

50.    At all times material hereto, RCL and the Excursion Entities engaged in a joint venture to provide excursions to passengers aboard RCL's ships, the terms of which are set forth in Paragraph 37 above.

51.    At all times material hereto, RCL and the Excursion Entities entered into an agreement where RCL would sell the subject excursion to its passengers and the Excursion Entities would operate the subject excursion.

52.    As its part of the joint venture, RCL arranged for, sponsored, recommended, marketed, operated, marketed, sold and/or collected money for the subject excursion, and the money was then shared between RCL and the Excursion Entities. As its part of the joint venture, the Excursion Entities provided labor and/or operated the subject excursion.

53.    RCL, on behalf of the joint venture, charged a fee to passengers who utilized the excursions. The fee paid by the passengers, including the Plaintiff, was split between RCL and the Excursion Entities, such that RCL and the Excursion Entities shared a profit of the money made from the shore excursion.

54.    At all times material hereto, RCL and the Excursion Entities had joint and/or shared control over aspects of the joint venture. The Excursion Entities had control over the day-to-day workings of the excursions. RCL also had control over the day-to-day workings of the excursions in that they required the Excursion Entities to exercise reasonable care in the operation of the subject excursion. RCL had control over the arrangements, marketing and sales of the excursion.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
CASE NO. 20-cv-22240-FAM

55.    At all times material hereto, RCL and the Excursion Entities shared a common purpose: to operate the subject excursion for a profit.

56.    At all times material hereto, RCL and the Excursion Entities had a joint proprietary and/or ownership interest in the subject excursion. RCL had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject excursion as well as collecting money for such excursion, and the Excursion Entities had a proprietary interest in the time and labor expended in operating the subject excursion.

57.    At all times material hereto, RCL and the Excursion Entities shared and/or had the right to share in the profits of the subject excursion, as RCL retained a portion of the ticket sales for the subject excursion after the tickets were sold, and RCL paid the Excursion Entities the remaining portion of the ticket sales for the subject excursion.

58.    At all times material hereto, RCL and the Excursion Entities shared and/or had a duty to share any losses that may have been sustained with the subject excursion, including, for instance, when RCL issued a refund to passengers for the Excursion Entities' excursion(s), including, but not limited to, the subject excursion.

59.    RCL and the Excursion Entities are jointly and severally responsible for each other's negligence as partners of the partnership and/or joint venture.

60.    At all times material hereto, RCL and the Excursion Entities therefore:

a.   Had an intention to create a joint venture;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

    b.   Had a joint proprietary interest in the subject matter of the venture;

    c.   Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

    d.   Had a right to share in the profits of the joint venture; and

    e.   Would share losses which may have been sustained.

61.        As joint venturers, RCL and the Excursion Entities are liable for each other's negligence. As a result, RCL is liable for the negligent conduct of the Excursion Entities, and vice versa.

62.        As a result of the negligence of the Excursion Entities set forth in Paragraph 46 above, for which Defendants as joint venturers are liable,  the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the

law.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands trial by jury on all counts as allowed by law.

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY that** on November 13, 2020, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Respectfully submitted,


By:   ***PHILIP M. GERSON***
PHILIP M. GERSON
Florida Bar No.
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No.
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No.
escwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No.: 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiffs
1980 Coral Way
Miami, Florida 33145

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Gammons v. Royal Caribbean Cruises, Ltd.*
*CASE NO. 20-cv-22240-FAM*

## SERVICE LIST

Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Philip M. Gerson, Esq.
Florida Bar No.: 127290
pgerson@gslawusa.com
Edward S. Schwartz , Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
David L. Markel, Esq.
Florida Bar No. 78306
dmarkel@gslawusa.com
Gerson& Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749
Attorneys for Plaintiff

Noah Silverman, Esq..
FOREMAN FREIDMAN
2 S Biscayne Blvd
Suite 2300
Miami, FL 33131
305-358-6555
Nsilverman@fflegal.com
LRose@fflegal.com

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com