UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-22240-CIV-MORENO**

STEVEN GAMMONS,

       Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD., COX
& COMPANY, LTD., and SOUFRIERE
HOTWIRE RIDES, INC.,

       Defendants.
_____/

## ORDER GRANTING MOTIONS TO DISMISS

    Plaintiff, Stephen Gammons, a cruise passenger suffered a leg injury while ziplining in St. Lucia. Defendant Royal Caribbean Cruises, Ltd. sold Plaintiff the shore excursion, which was owned and operated by the co-defendants, Cox & Co., Ltd. and Soufriere Hotwire Rides, Inc. – both based in St. Lucia. Defendants separately moved to dismiss on various grounds. The Court finds the Plaintiff fails to properly plead Royal Caribbean had notice or constructive notice of the unreasonably dangerous zipline. Plaintiff also fails to state a claim based on the existence of a joint venture since the agreement between Royal Caribbean and Cox & Co., Ltd. expressly disclaims that relationship. Finally, personal jurisdiction is lacking as to the St. Lucian Defendants.

    THIS CAUSE came before the Court upon Defendant Royal Caribbean Cruises Ltd.'s Motion to Dismiss **(D.E. 21)**, Defendant Cox & Company, Ltd.'s Motion to Dismiss **(D.E. 22)**, and Defendant Soufriere Hotwire Rides, Inc.'s Motion to Dismiss **(D.E. 32)**.

THE COURT has considered the motions, the responses, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Defendant Royal Caribbean Cruises Ltd.'s Motion to Dismiss is GRANTED. Plaintiff is granted leave to file an Amended Complaint consistent with this order by **September 16, 2021**. It is also

**ADJUDGED** that Defendants, Cox & Company, Ltd. and Soufriere Hotwire Rides, Inc., are DISMISSED without prejudice for lack of personal jurisdiction.

## I.  Background

Plaintiff suffered an orthopedic accident to his leg while on a zipline excursion during a cruise, Royal Caribbean Cruises, Ltd.'s *Freedom of the Seas.* The excursion was called the "Hotwire Pitons Zipline by the Sea" and Plaintiff booked it after receiving promotional material describing the activity from Defendant Royal Caribbean. Defendants Cox & Company, Ltd. and Soufriere Hotwire Rides, Inc., companies based in St. Lucia, own and operate the excursion pursuant to contracts with the cruise line ("Excursion Entities"). Defendant Royal Caribbean also sold tickets for the zipline excursion aboard the cruise ship.

On May 30, 2019, Plaintiff and 56 other passengers from the *Freedom of the Seas* attended the zipline excursion. Plaintiff alleges that he was not assisted by guides or provided with a safety briefing prior to participating in the zipline, which is contrary to Royal Caribbean's representations to him. While on the zipline, Plaintiff's foot was caught below the platform from which he departed, causing him to sustain injuries to his tibia and fibula.

Plaintiff claims that Defendant Royal Caribbean knew or should have known of the risk of harm because it engaged in an approval process, where Royal Caribbean ascertains that the operator is qualified. The excursion operators also provide the cruise line with details pertaining to the excursion, including the location, description, restrictions, and participation levels for the

excursion. The Defendant Royal Caribbean also inspected the excursion. After it approved the excursion, Royal Caribbean sent the excursion operators its standards, policies, and procedures that operators must follow while offering excursions to cruise passengers. Plaintiff alleges that Royal Caribbean conducts yearly site inspections of the excursion and requires the excursion operators to submit yearly reports to Royal Caribbean disclosing details of incidents that occurred involving cruise line passengers.

Plaintiff's Second Amended Complaint asserts three counts. The first count is a negligent failure to warn claim against Defendant Royal Caribbean. The second count is a negligence claim against the excursion entities. The third claim is a negligence claim against the three Defendants based on their joint venture.

Royal Caribbean's motion to dismiss argues that certain allegations regarding agency should be stricken, that the negligent failure to warn claim should be dismissed because the allegations do not suffice to establish that it was on notice of a dangerous condition, and that the joint venture claim fails based on the Tour Operator Agreement.

The excursion entities filed motions to dismiss asserting the Court lacks personal jurisdiction as to them. Plaintiff agrees there is no general jurisdiction; the question at issue is whether the Court can exercise specific jurisdiction.

## II. **Legal Standard**

To state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While the Court must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw upon its judicial experience and common sense. *Id.* at 679, 129 S.Ct. 1937. A court may dismiss a case with prejudice if the allegations of a complaint, even when taken as true, afford no basis for relief or when amendment would be futile. *E.g.*, *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, 438 F. Supp. 3d 1346, 1356 (S.D. Fla. 2020).

### III. <u>Legal Analysis</u>

A. <u>Royal Caribbean's Motion to Dismiss</u>
  1. *Count 1: Negligent Failure to Warn*

Under federal maritime law, the duty of care that cruise operators owe passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). A facet of the duty of care is the cruise operator's "duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaporro v. Carnival*

4

*Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). The duty to warn only extends to dangers "which the carrier knows, or reasonably should have known" to exist. *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 794 (11th Cir. 2017) ("[A]s a prerequisite to imposing liability, a carrier must have had 'actual or constructive notice of the risk-creating condition.'" (quoting *Keefe*, 867 F.2d at 1322); *Serra-Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1364, 1371 (S.D. Fla. 2019) (finding cruise line knew or should have known that ATV excursion was unreasonably dangerous based on prior similar incidents).

      To be held accountable on the direct negligence claim for failure to warn, the Plaintiff must plead that Royal Caribbean knew or should have known about the unreasonably dangerous condition. The parties dispute the sufficiency of the allegations in this regard. Unlike *Serra-Cruz*, where the plaintiff pled prior similar accidents on the ATV excursion, the Second Amended Complaint does not allege any prior accidents. Rather, the Second Amended Complaint asserts that Royal Caribbean's initial approval process and yearly inspections put it on notice that the zipline excursion was unreasonably dangerous. Plaintiff complains that he was not assisted by guides or provided a safety briefing, but there are no allegations to show how Royal Caribbean knew or should have known that. For example, in *Bailey v. Carnival Corp.*, 369 F. Supp. 3d 1302, 1310 (S.D. Fla. 2019), the court found the allegations of notice sufficient where the conditions causing the plaintiff's accident were noted by prior adverse comment cards submitted by passengers who participated in the zipline tour. The Second Amended Complaint does not allege there are prior adverse comment cards.

      What is left to establish notice is the cruise line's initial approval process, its yearly inspection, and the operator's status reports. In *Mellnitz v. Carnival Corp.*, No. 18-24933-CIV, (S.D. Fla. April 15, 2019). the court addressed whether yearly inspections suffice to establish

notice. It said that a complaint must allege that "when [the cruise line] tested this excursion with its operator, it knew and experienced [the same dangerous condition] and so could have known that, going forward, passengers would be subjected to the same." *Id.* at Motion to Dismiss Hr'g. Transcript at 14-15 ("[T]ell us how you know what Carnival knew. And it's not just because they cleared the operator and picked them, that doesn't mean that they knew all of the dangers that your client experienced."). In *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV, 2019 WL 8895223, at *4 (S.D. Fla. Nov. 15, 2019), the court also recognized that generalized allegations regarding cruise line "inspections" of shore excursions are insufficient to establish notice. It states "[plaintiff] does not explain how any of Royal Caribbean's alleged inspections of the Excursion Operators could have possibly alerted it to the dangerous condition that ultimately resulted in [plaintiff's] injuries."

In *Gayou v. Celebrity Cruises, Inc.*, No. 2012 WL 2049431, *5 (S.D. Fla. June 5, 2012), the court dismissed the complaint where the plaintiff failed to allege *facts* from which it may be inferred that the cruise line either knew or should have known of any dangerous or unsafe condition associated with the zipline excursion. It is not enough to say that Royal Caribbean approved the excursion, inspected the excursion yearly, and received reports from the excursion entities yearly. Unless Plaintiff can allege that Royal Caribbean saw that there was no assistance provided, no safety briefing, or other unreasonably dangerous circumstances were present when it did the approval or the inspection, the allegations are insufficient to provide notice. Likewise, there are no facts alleged to show how Royal Caribbean knew or could have known that there was an unsafe distance between the platforms from which guests took off, or the unsafe manner in which the lines were secured, which caused Plaintiff's foot to get stuck. Plaintiff relies on *Adams v. Carnival Corp.*, No. 19-24578-CIV (S.D. Fla. Mar. 31, 2020) to argue that the

6

allegations are sufficient to establish constructive notice. In *Adams*, however, the court found that the cruise lines initial and annual inspections, coupled with *allegations of co-ownership and co-control* of the excursion enterprise were sufficient at the pleading stage to establish notice. Here, there are no allegations of co-ownership of the ziplining excursion. Accordingly, the Court dismisses this claim without prejudice to allow Plaintiff an opportunity to properly plead notice.

    *b. Count 3: Negligence based on Joint Venture*

Plaintiff's theory of Royal Caribbean's vicarious liability is based on his assertion that Royal Caribbean and the excursion entities were engaged in a joint venture. The Eleventh Circuit recognizes several "signposts" or "likely indicia" that suggest the existence of a joint venture such that one defendant may be held vicariously liable for the negligent acts of a joint venture partner. *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1354 (S.D. Fla. 2016) (citing *Fulcher's Point Pride Seafood, Inc. v. MN Theodora Maria*, 935 F.2d 208, 211 (11th Cir. 1991)). These include the (1) the intention of the parties to create a joint venture; (2) joint control or right of control; (3) joint proprietary interest in the subject matter of the joint venture; (4) the right of all venturers to share in the profits; and (5) the duty of both to share in the losses. *Id.* The Eleventh Circuit has noted that the parties' intentions are paramount to determine the existence of a joint venture.

Although Plaintiff asserts that Royal Caribbean and the excursion entities entered a joint venture, Royal Caribbean rejects the premise citing to a provision in its Tour Operator Agreement. The Tour Operator Agreement was entered between Royal Caribbean and Cox & Co. It reads:

> Operator's relationship with Cruise Line during the Term of this Agreement shall
> be that of an independent contractor . . . Nothing related in this Agreement shall

> be construed as constituting Operator and Cruise Line as partners, or as treating the relationships of employer and employee, franchisor and franchisee, master and servant or principal and agent or joint venture between the parties hereto.

The agreement unequivocally establishes the parties' intent in forming their relationship. Plaintiff argues that the agreement falls outside of the four corners of the complaint and the Court cannot consider it in ruling on a motion to dismiss. Courts in this district have dismissed joint venture claims with prejudice based on the same or nearly identical language to the one in this case. *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-21897-CIV, 2013 WL 1296298, at *6 (S.D. Fla. Mar. 27, 2013) ("[T]he unambiguous language of the [Tour Operator Agreement] directly contradicts Plaintiff's allegations and warrants dismissal of Plaintiff's joint venture claim."); *Doria v. Royal Caribbean Cruises, Ltd.*, No. 19-20179-CIV (S.D. Fla. June 20, 2019) (dismissing joint venture claim with prejudice because the contract "unambiguously showed no intention on the part of Carnival to enter into a joint venture with excursion companies.").

To address the Plaintiff's contention that the agreement falls outside the Complaint's four corners, both *Zapata* and *Doria* state that the plaintiffs put the agreement at the center of the joint venture claim. Likewise, in this complaint, the Plaintiff alleges that Royal Caribbean and the Excursion Entities entered into an agreement where Royal Caribbean would sell the excursions, and the Excursion Entities would run the operation. Plaintiff describes the relationship as a joint venture. In both *Zapata* and *Doria*, the courts found that they could consider the undisputed agreement, central to the joint venture claim and referenced in the complaint, without converting the motion to dismiss into a motion for summary judgment. Because the Tour Operator Agreement expressly contradicts the Plaintiff's allegations, the Court finds it appropriate to

dismiss the Plaintiff's joint venture claim with prejudice. *See also Barham v. Royal Caribbean Cruises, Ltd.*, No. 20-22627 (S.D. Fla. Aug. 23, 2021).[1]

### c. Request to Strike Language

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant requests the Court strike language in the Second Amended Complaint regarding an alleged agency relationship because the complaint lacks any agency theory of negligence. "A 'court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699 (S.D. Fla. 2013). "A motion to strike is intended to clean up the pleadings, removing irrelevant or otherwise confusing materials." *Id.* There is no cause of action alleging that the excursion entities were Royal Caribbean's agents, such that Royal Caribbean would be vicariously liable for the actions of its agents. Therefore, the Court finds the allegations immaterial and strikes the language of paragraphs 36 and 38.

### B. Motions to Dismiss by the Excursion Entities

The Excursion Entities, Cox & Company Limited and Soufriere Hotwire Rides, Inc., are St. Lucian corporations that do not have offices in Florida. Plaintiff's allegations are identical as to each Excursion Entity, so the Court treats them together even though they move separately to dismiss. Plaintiff's responses to each of the motions to dismiss abandons any claim for general and/or Rule 4(k)(2) jurisdiction. The issue before the Court is whether it can exercise specific personal jurisdiction under the Florida long-arm statute, § 48.193(1)(a).

Plaintiff bears the initial burden of pleading sufficient facts to establish specific personal jurisdiction over the Excursion Entities, both nonresident defendants. *Louis Vuitton Malletier,*

---

[1] Although Defendant Soufriere was not a party to the Tour Operator Agreement, the agreement shows Royal Caribbean's intent not to enter a joint venture. Because the Court finds that there is no personal jurisdiction as to Soufriere Hotwire Rides, in any event, there are alternative grounds to dismiss this Defendant.

9

*S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). When the defendant "submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). But when the plaintiff offers no competent evidence to the contrary, "a district court may find that the defendant's unrebutted denials [are] sufficient to negate plaintiff's jurisdictional allegations." *Chimene v. Royal Caribbean Cruises, Ltd.*, No. 16-23775-CIV, 2017 WL 1536055, at *1 (S.D. Fla. April 5, 2017).

The Second Amended Complaint, at paragraphs 10 and 11, sets forth the jurisdictional allegations. Plaintiff alleges that specific jurisdiction is satisfied by the following activities of the Excursion Entities: "(a) reaching out to Florida-based cruise lines, insurers, cruise industry associates, and/or premium financing companies for purposes of operating, conducting, engaging in, or carrying on a business or business venture in this state; and/or (b) contractually agreeing to indemnify Florida based cruise lines (entities mostly located in Miami and Fort Lauderdale) for any harm resulting to cruise passengers, thereby insuring a "person, property, or risk located within this state." Plaintiff also relies on the agreement entered by the Defendant Cox & Co. and Royal Caribbean, which contains a choice-of-law clause designating Florida law as the governing law and contains a provision where the Excursion Entities agree to jurisdiction in Florida.

"[S]pecific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *Wolf*, 683

F. App'x at 793. To exercise specific personal jurisdiction over a foreign defendant, the cause of action sued upon must "arise from" certain enumerated acts occurring within Florida. The "arise from" language contained in § 48.193(1)(a) is referred to as the "connexity" requirement. *Zapata*, 2013 WL 1100028, at *2. Plaintiff's allegations that the Excursion Entities had contacts in this state do not relate to specific personal jurisdiction. The Second Amended Complaint alleges the Excursion Entities' negligence occurred in St. Lucia, where the Excursion Entities are incorporated and maintain their principal place of business. Plaintiff cannot allege how the Excursion Entities committed a tort in Florida and fails to establish specific jurisdiction based on any tort claims related to his accident in St. Lucia. In *Wolf*, the cruise passenger alleged injuries during a shore excursion, and the Eleventh Circuit found that specific jurisdiction could not be exercised for this exact reason. *Id.*, 683 F. App'x at 793 ("Mr. Wolf does not allege that OCT committed a tortious act in Florida and cannot assert specific jurisdiction based on any tort claims related to the incident that occurred in Costa Rica."); *Chimene*, 2017 WL 1536055, at *3 (finding no specific jurisdiction over MC Tours, "which requires a nexus between the alleged tort and MC Tours' activities in Florida.").

Next, the Second Amended Complaint cites to Florida Statute § 48.193(1)(a)(9) to allege that Cox & Co. consented to jurisdiction in Florida when it executed the Tour Operator Agreement with Royal Caribbean. Defendant Soufriere Hotwire Rides, Inc. is not a party to the Tour Operator Agreement, but Plaintiff contends that Soufriere benefits from the Tour Operator Agreement between Cox & Co. and Royal Caribbean. Because Soufriere's business comes from the cruise ship passengers and Cox pays Soufriere a "flat fee" for each passenger.

Section 48.193(1)(a)(9), Florida Statutes, grants parties the right to confer personal jurisdiction by contract, but the contract must comply with sections 685.101 and 685.102 of the

Florida Statutes. *See* Fla. Stat., § 48.193(1)(a)(9); *see also Corp. Creations Enters. LLC v. Brian R. Fons Attorney at Law, P.C.*, 225 So. 3d 296, 301 (Fla. 4th DCA 2017) ("[S]ections 685.101 and 685.102 allow parties to confer jurisdiction on the courts of Florida by contract alone if certain requirements are met.") (alteration added). "[T]o satisfy Florida's statutory requirements, a contract must: (1) include a choice of law provision designating Florida law as the governing law; (2) include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida; (3) involve consideration of not less than $250,000; (4) not violate the United States Constitution; and (5) either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under its laws." *Johnson v. Royal Caribbean Cruises, Ltd.*, 474 F. Supp. 3d 1260, 1266 (S.D. Fla. 2020) (internal quotations omitted).

The glaring problem with Plaintiff's argument is that he is *not* a party to the Tour Operator Agreement between Royal Caribbean and Cox & Co. *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1341 (S.D. Fla. 2014) ("Plaintiff is not a party to the shore excursion contract, and, therefore, may not be able to enforce the conferral of jurisdiction clause."), *aff'd at* 789 F.3d 1201 (11th Cir. 2015). Nevertheless, Plaintiff argues that even as a non-signatory passenger he can sue Excursion Entities in Florida courts. The Second Amended Complaint does not, however, claim any third-party beneficiary status, which is ultimately without a difference. In making his argument, Plaintiff relies on several provisions of the Tour Operator Agreement:

> It is anticipated that all Tours under this Agreement shall be arranged, booked and facilitated solely through Cruise Line on its Passengers' behalf with the Operator.
>
> Operator acknowledges that pursuant to its agreement with the Passengers, all disputes and matters whatsoever arising under, in connection with or incident to the cruise ticket agreement between Passenger and Cruise Line shall be litigated, if at all, in and before a court located in Miami, Florida U.S.A. (or such other

>jurisdiction as may be specified in the agreement with the Passenger) to the exclusion of the courts of any other state, territory or country. Operator shall take no steps that contradict these arrangements.

The Tour Operator Agreement contains an agreement by Cox & Co. to indemnify Royal Caribbean from any claims arising from the "business or operations of the Operator," such as the negligent operation of the zipline excursion alleged in the Second Amended Complaint. The Agreement contains a provision applying Florida law to any dispute and a forum-selection clause selecting Florida as the venue for litigation.

The Excursion Entities argue the Court cannot assert personal jurisdiction over them because Plaintiffs are not parties nor third-party beneficiaries of the Agreement. Notably, this Tour Operator Agreement contains a third-party beneficiary disclaimer. It states that "[o]ther than as expressly set forth herein, this Agreement shall not be deemed to provide third parties with any remedy, claim, right or action or other right."). Courts in this district have routinely agreed with the Defendants' position finding the Agreement "simply defines the relationship between the operator and the cruise line, concluding the conferral-of-jurisdiction clause did not constitute a blanket personal jurisdictional waiver." *Serra-Cruz*, 400 F. Supp. 3d at 1361; *Barham*, No. 20-22627 (S.D. Fla. Aug. 23, 2021); *Johnson*, 474 F. Supp. 3d at 1268 ("Courts in this Circuit have addressed largely identical allegations and rejected Plaintiffs' third-party beneficiary claims, especially where, as here, the Agreement includes an express disclaimer of third-party benefits); *Wolf*, 683 F. App'x 786,798-99 (11th Cir. 2017) (affirming district court's grant of summary judgment as to plaintiff's third-party beneficiary contract claim because the tour operating agreement expressly disclaimed any intent to benefit third parties); *Sanlu Zhang*, 2019 WL 8895223, at *6-7 (dismissing the plaintiff's third-party beneficiary claim because cruise passengers received merely incidental benefits of the contract between Royal Caribbean

and the excursion operator); *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-21897-CIV, 2013 WL 1296298, at *6-7 (S.D. Fla. Mar. 27, 2013) (dismissing the plaintiff's third-party beneficiary claim where the tour operating agreement expressly disclaimed any intent to benefit the plaintiff.). The clause that Plaintiff relies on to argue that the Tour Operator Agreement provides consent to jurisdiction to suits by Passengers merely defines the relationship between the cruise line and the operator. It does not, as Plaintiff suggests, allow him to hail non-resident defendants into this Court.

In sum, Plaintiff is neither a party to nor a third-party beneficiary of the Tour Operator Agreement. Indeed, Defendant Soufriere Hotwire Rides, Inc. is also *not* a party to the agreement. Plaintiff cannot avail himself of the Agreement's consent-to-jurisdiction provision to sue the Excursion Entities. Accordingly, Plaintiff's claims as to the Excursion Entities are dismissed without prejudice for lack of personal jurisdiction.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th of September 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record